787 A.2d 942 (2002)
346 N.J. Super. 310
BROOKSHIRE EQUITIES, LLC, Plaintiff-Respondent,
v.
Marcelo MONTAQUIZA, Simon Montaquiza and Rosales Corp., Defendants-Appellants.
Marcelo Montaquiza, Simon Montaquiza and Rosales Corp., Plaintiffs-Appellants,
v.
Dean Group, LLC, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 2001.
Decided January 4, 2002.
*943 Nashel, Kates, Nussman, Rapone, Ellis & Traum, Hackensack, attorneys for appellants (Howard M. Nashel and Donald B. Liberman, on the briefs).
Wolff & Samson, Roseland, attorneys for respondent (Robert E. Nies, Robert K. Ross, and James M. Graziano, on the briefs).
Before Judges PETRELLA, KESTIN and ALLEY.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
These two appeals by Marcelo Montaquiza, Simon Montaquiza and Rosales *944 Corp.[1] were calendared back-to-back because they are related to the same mortgage foreclosure proceedings. We now consolidate the appeals for purposes of this opinion.
The first appeal is from three orders in Brookshire Equities, LLC v. Montaquiza denying appellants' right to redeem certain real estate, the subject of a mortgage foreclosure action and subsequently sold at a sheriff's sale. The second appeal by the appellants is from the dismissal of their complaint in Montaquiza v. Dean Group, LLC, wherein they sought to impose a constructive trust on the foreclosed property or a transfer of the deed back to the sheriff.
In 1984, the Montaquizas purchased property known as 42 and 54 South Dean Street, Englewood New Jersey, where they conducted an automotive service and repair station. In 1987, they obtained a $400,000 mortgage from Banco Popular de Puerto Rico (Banco Popular). The property was transferred to the Rosales Corp., a close corporation owned by Marcelo and Simon, in 1991. Banco Popular commenced a foreclosure action in 1996 after appellants defaulted on their payments.
The mortgage was assigned to Brookshire Equities, LLC (Brookshire), which on March 9, 1999, obtained a final judgment in the foreclosure action fixing the principal amount owed at $385,986.79. A sheriff's sale was ordered to be held on June 9, 1999, but after the appellants obtained two adjournments, the sale finally took place on July 7, 1999, with Brookshire's bid of $511,000 making it the successful bidder.
On July 15, 1999, Marcelo and Simon Montaquiza filed for bankruptcy under Chapter 13 and Rosales Corp. filed for bankruptcy under Chapter 7. This had the effect of tolling the ten-day redemption period permitted by the Court Rules. Marcelo and the Rosales Corp. withdrew their bankruptcy petitions on September 21, 1999 and November 29, 1999, respectively.
On April 11, 2000, the bankruptcy court vacated the automatic stay in Simon's action. The order was not served on Simon's attorney until May 26, 2000. In April, 2000, Marcelo refinanced his home and obtained funds to pay off all of the liens. The appellants attempted to redeem the property on April 17, 2000, by tendering $416,412.67 to the sheriff. Brookshire refused to accept the funds and the sheriff returned the checks on May 22, 2000.
The appellants then filed a motion on June 5, 2000, objecting to the transfer of the deed and seeking to compel acceptance of the funds. The Chancery Judge denied the motion on July 11, 2000, for the reasons stated in an attachment to his order and ordered the sheriff to transfer the deed to Brookshire or its assignee.
The appellants thereafter obtained a new attorney who submitted a proposed form of order to show cause[2] and a motion for reconsideration. The application for an order to show cause was denied on August 4 and the motion for reconsideration was denied on August 18, 2000. Each order had a statement of reasons attached.
A notice of appeal from the July 11, August 4 and August 18 orders was filed on September 12, 2000. A subsequent attempt to obtain an order to show cause was rejected with a notation of the probable lack of jurisdiction as a result of the filed appeal. Emergent applications were denied by this court on October 6 and *945 October 10, 2000. The Supreme Court also denied a stay.
In the meantime, Brookshire had assigned its rights to the property to Dean Group, LLC (Dean Group) on July 25, 2000. Appellants filed a complaint on November 9, 2000, seeking to impose a constructive trust on the property or obtain a transfer of the deed back to the sheriff. The Chancery Judge dismissed the complaint on January 19, 2001, and appellants again appealed.

I.
The appellants argue that under R. 4:65-5, they had an absolute right to redeem the mortgage by tendering the full amount on the mortgage either within ten days from the date of the sheriff's sale or until a court confirmed the sheriff's sale after the filing of an objection. The appellants misconstrue R. 4:65-5 and the applicable legal and equitable principles.
The current Court Rule dealing with sheriff's sales and objections thereto is R. 4:65-5, which provides in relevant part:
A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within 10 days after the sale or at any time thereafter before the delivery of the conveyance.
During the ten-day period, a mortgagor has an absolute right to redeem the property by tendering the full amount due on the mortgage. Hardyston National Bank v. Tartamella, 56 N.J. 508, 513, 267 A.2d 495 (1970). Under former Court Rules, a confirmation order was necessary before a sheriff's sale would be finalized. Id. at 510, 267 A.2d 495. This requirement was eliminated so as to streamline the process and cut back on paperwork. A sheriff's sale is automatically confirmed after ten days without an objection being filed. Id. at 511, 267 A.2d 495. If a timely objection is filed within the rule's ten-day period the mortgagor's right to redeem is extended through the period of court confirmation and a court order confirming the sale is required. Id. at 513, 267 A.2d 495.
Appellants correctly note that the elimination of the motion to confirm the sheriff's sale does not eliminate the right to redeem under the rules, id. at 512, 267 A.2d 495, but they mistakenly argue that there is an absolute right to redeem at any time prior to confirmation if an objection is filed. The rule does extend the period wherein redemption may occur. However, a prerequisite of this extension is the filing of an objection within the ten-day period allowed by the rule. In this case, as the Chancery Judge noted, no such timely objection was ever filed. Hardyston discussed Crane v. Bielski, 27 N.J.Super. 448, 99 A.2d 526 (App.Div.1953), reversed on other grounds, 15 N.J. 342, 104 A.2d 651 (1954), where it had been held that a sale is effective immediately upon the close of the sale, because confirmation was no longer required. Hardyston, supra (56 N.J. at 511, 267 A.2d 495). Hardyston rejected this holding because elimination of the motion requirement was to streamline the process, not divest the substantive rights of the parties. The right to redeem remains, provided the requirements of R. 4:65-5 are met. Id. at 511-512, 267 A.2d 495.
Appellants also argue that the filing of a bankruptcy petition tolled the ten-day period, extending their right to redeem the property beyond the time allowed by the rules. Under 11 U.S.C.A. § 108(b)(2), a party may cure any default within sixty days of filing for relief. Since bankruptcy petitions were filed on July 15, the sixty-day period would end on September 15, 1999. During this period, no objections were filed in state court and no attempt *946 was made to redeem the property. Rosales Corp.'s petition was dismissed on September 21, 1999; Marcelo's petition was dismissed on November 29, 1999; and Simon's petition was dismissed on March 31, 2000. Appellants' first attempt at redemption did not occur until April 17, 2000, and no motion was made until June 5, 2000. Clearly, despite the tolling effect of 11 U.S.C.A. § 108(b)(2), the appellants were out of time, and acted well beyond the period when they had the right to redeem their property.
Appellants' reliance on CKC Condominium Assoc., Inc. v. Summit Bank, 335 N.J.Super. 385, 762 A.2d 674 (App.Div. 2000), for the proposition that a mortgagor may redeem the property lost in a foreclosure action up until the moment of conveyance of the deed is misplaced. CKC Condominium dealt with "the single narrow issue of when the six-year limitations period prescribed by N.J.S.A. 2A:14-1 expired." Id. at 387, 762 A.2d 674. The plaintiff sought certain assessment charges required of all purchasers of condominium units. Id. at 387-388, 762 A.2d 674. The issue was at what point a purchaser at a sheriff's sale became the owner for the purposes of determining if the six-year statute of limitations barred the association's claim. This case did not decide a right of redemption issue, and is not authority in the present situation.
A mortgagor has also been allowed to file an objection under R. 4:65-5 after the ten-day period and before conveyance of the deed. There must, however, be some valid ground for objection. Examples of valid grounds for objection include fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale. Orange Land Co. v. Bender, 96 N.J.Super. 158, 164, 232 A.2d 679 (App.Div.1967) (quoting Penn Federal Savings and Loan Assoc. v. Joyce, 75 N.J.Super. 275, 278, 183 A.2d 114 (App.Div.1962)). Another objection might be that the price paid by the buyer at the sheriff's sale is below fair market value. Citibank N.A. v. Errico, 251 N.J.Super. 236, 597 A.2d 1091 (App. Div.1991). Filing a petition of bankruptcy under Chapter 13 does not constitute an objection to the sale. Union County Savings Bank v. Johnson, 210 N.J.Super. 589, 594, 510 A.2d 288 (Ch.Div.1986).
Appellants presented no evidence that fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale occurred in this case. They do claim, though, that the selling price at the sheriff's sale was inadequate, relying on uncertified letters purporting to be bids for the property, with offers ranging from $855,000 to $1,000,000.
The Chancery Judge determined that the period wherein the appellants had the right to redeem had passed without any action on their part to preserve their interests in the property. The judge also observed that no objection had been filed within the permitted period, an objection being, "a claim and [identification] of irregularity or impropriety in the sale." In denying reconsideration the judge ruled that the appellants had not proffered any new evidence that had been previously overlooked by the court and had failed to demonstrate a likelihood of success on the merits.
We agree and affirm the various orders and rulings denying relief to the appellants substantially for the reasons stated by Judge Escala in the attachments to his July 11, August 4 and August 18, 2000 orders.

II.
Appellants argue in the second appeal that the judge erred in dismissing their complaint in Montaquiza v. Dean Group, LLC. They argue that the doctrines of res judicata and collateral estoppel *947 did not bar them from bringing a suit against Dean Group to impose a constructive trust or to have the property transferred back to them.
Res judicata prevents relitigation of a controversy between the parties. Selective Insurance Co. v. McAllister, 327 N.J.Super. 168, 172, 742 A.2d 1007 (App.Div.), certif. denied, 164 N.J. 188, 752 A.2d 1290 (2000) (quoting Lubliner v. Board of Alcoholic Beverage Control, 33 N.J. 428, 435, 165 A.2d 163 (1960)). In order for res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action. Id. at 172-173, 742 A.2d 1007 (citing T.W. v. A.W., 224 N.J.Super. 675, 682, 541 A.2d 265 (App. Div.1988)). Because of the assignment and identity of interests thereby between Dean Group LLC, and Brookshire Equities, LLC, these four elements are present in this case.
The issues in appellants' case against Dean Group were, as Judge Escala noted, duplicative of those he decided in the foreclosure case. The judge in his rulings in the foreclosure case had to decide if there should be a stay of the transfer of title from the sheriff to Dean Group, the assignee of the rights Brookshire acquired at the sheriff's sale. He decided that because the appellants had presented no new evidence or law, there was no basis to interfere with the transfer of title. In the second action, appellants sought a return of the deed to the sheriff or the imposition of a constructive trust based on their allegations of wrongful transfer. The propriety of this transfer had previously been decided by Judge Escala in Dean Group's favor.
Res judicata will apply if a party in the second action is in privity with a party in the first action. Olds v. Donnelly, 291 N.J.Super. 222, 232, 677 A.2d 238 (App.Div.), aff'd, 146 N.J. 565, 683 A.2d 1161 (1996). An assignee of a right will be considered to be in privity with its assignor. Rutgers Casualty Insur. Co. v. Dickerson, 215 N.J.Super. 116, 122, 521 A.2d 373 (App.Div.1987). Dean Group was such an assignee, and therefore the identity of parties prong of the res judicata test was satisfied.
Moreover, the causes of action in the two cases were essentially identical. The appellants sought the same relief, specifically, to prevent a transfer of the deed to Dean Group based on a claimed absolute right to redeem under R. 4:65-5.
Furthermore, collateral estoppel is another issue preclusion doctrine that bars appellants from rearguing issues previously decided. Collateral estoppel requires (1) a showing that the issue to be precluded is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, and (3) there was a final judgment of the issue on the merits. In re Estate of Dawson, 136 N.J. 1, 20, 641 A.2d 1026 (1994). The issues were identical and transfer of the deed to Dean Group was decided in the foreclosure case.
Appellants argue that the issue of the transfer of the deed to Dean Group was never decided on the merits, which would prevent collateral estoppel from applying. Appellants take issue with Judge Escala accepting Brookshire's representations that the property would not be transferred to Dean Group when he denied a stay. However, this was not the issue that was being decided on August 18, 2000. The court had before it a motion for a stay to prevent transfer of the sheriff's deed. Judge Escala denied the stay sought by the appellants on the merits. In sum, collateral estoppel also applies to bar appellants *948 in the second action which we conclude was properly dismissed.
We affirm in both appeals.
NOTES
[1] For convenience we refer herein to the Montaquizas and their corporation as appellants.
[2] It is inappropriate to submit a form of order to show cause to a judge to sign where the relief sought is directed to a prior court order. A motion returnable on short notice, with the judge's approval, would appear to be the more appropriate vehicle.