**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1079-18T2

RODNEY LEE,

     Plaintiff-Appellant,

and

JANET COLLIER,

     Plaintiff,

v.

PHELAN HALLINAN
DIAMOND & JONES, PC,

     Defendant-Respondent.

_____

Submitted August 1, 2019 – Decided August 7, 2019

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1766-18.

Rodney Lee, appellant pro se.

Phelan Hallinan Diamond & Jones PC, respondent pro se (Brian J. Yoder, on the brief).

PER CURIAM

Self-represented plaintiff Rodney Lee appeals a Law Division order entered on October 29, 2018 granting defendant's motion to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:6-2(e). For the reasons that follow, we affirm.

On August 21, 2018, plaintiff filed a complaint with the Law Division requesting judgment for damages against defendant, Phelan Hallinan Diamond & Jones, PC, who represented the mortgagee, U.S. Bank National Association (U.S. Bank), in the underlying mortgage foreclosure action. Plaintiff alleged he still owned the Subject Property located at 83 Pine Grove Terrace in Newark, U.S. Bank had no right to collect rent payments from any tenants at the property, defendant violated the New Jersey Consumer Fraud Act by making false statements about him, and defendant violated the Foreclosure Fairness Act, N.J.S.A. 2A:50-69 to -71.

On October 4, 2018, defendant filed the motion to dismiss under review. Defendant construed plaintiff's allegations as a "bad faith and futile attempt to collaterally attack the underlying foreclosure action and U.S. Bank's ownership of the Subject Property" notwithstanding plaintiff's actual knowledge of the Sheriff's sale. Defendant presented the following arguments in support of its

2

motion to dismiss: plaintiff's claims are based on the doctrines of res judicata, collateral estoppel, and the entire controversy doctrine because "the record of the Chancery Court under docket F-030486-13 establishes beyond question the fact that [U.S. Bank] acquired title[] to the Subject Property at Sheriff's sale on May 31, 2016[,]" thereby disavowing plaintiff's claim that he still owns the property, and plaintiff failed to state a claim upon which relief could be granted.

Plaintiff filed opposition to defendant's motion on October 10, 2018 and waived his appearance for oral argument. On October 29, 2018, the scheduled date for oral argument, Judge Susan L. Claypoole entered an order and a statement of reasons dismissing plaintiff's complaint with prejudice. Judge Claypoole's opinion fully explained her reasons for granting defendant's motion:

> Res judicata, or claim preclusion, is a doctrine that declares that once a matter has been fully litigated and resolved, it cannot be re-litigated. Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001) [(citing Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)).] In order for res judicata to have effect, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action. Brookshires Equity, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002).
>
> Res judicata promotes judicial efficiency, as litigation in a matter must eventually end. Watkins v. Resorts Int'l[] Hotel & Casino, 124 N.J. 398, 409 (1991). "In

essence, the doctrine of res judicata provides that a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991) (citations omitted). For a decision to have the effect of res judicata, there must be a valid and final judgment on an issue of fact or law that is essential to the judgment. Id. at 506. It is then binding on the parties, whether in the same or a different claim. Ibid.

In order for collateral estoppel to apply, a party must show (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. First Union Nat['l] Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007) [(citing Hennessey v. Winslow Twp., 183 N.J. 593, 599 (2005)).]

The Entire Controversy Doctrine is found in [Rule] 4:30A. Pursuant to [Rule] 4:30A: "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine. . . ." R. 4:30A.

The purpose of the entire controversy doctrine is to avoid fragmentation of litigation and to promote party fairness, judicial economy and efficiency. See Thomas v. Hargest, 363 N.J. Super. 589, 596 (App. Div. 2003). Thus, a litigant is required to assert in one action all claims arising from a single controversy. Id. at 595. In

4

order for the doctrine to bar the action being asserted, the plaintiff must have had a fair and reasonable opportunity to fully litigate its claim in the prior action. Id. [at 546.]

The entire controversy doctrine is one of judicial fairness and will be invoked in that spirit. Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 343 (1984). The doctrine was judicially created as a "reflection of . . . the unification of the state courts" in light of our Constitution's recognition of "the value in resolving related claims in one adjudication so that all matters in controversy between parties may be completely determined." Higgins v. Thurber, 413 N.J. Super. 1, 11-12 (App. Div. 2010). The objectives of the doctrine are: (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation. Id. at 12.

. . . .

In support of its [m]otion, [d]efendant cites to Malaker Corp. Stockholders Protective Comm[ittee] v. First New Jersey Nat[tional] Bank, in which the [appellate] court held that the entire controversy doctrine [barred] the claims because "the bank's claims in the prior suit, upon which judgment was recovered, and plaintiffs' claims in the present litigation, do derive from the same transaction or series of transactions—the underlying alleged agreements to extend credit." [163 N.J. Super. 463, 498 (App. Div. 1978).] Here, [d]efendant argues that [p]laintiffs' claims against it are "entirely dependent on a challenge to [U.S. Bank's] ownership of the Subject Property. However, [U.S. Bank's] right to

5

foreclose the Subject Property was established by the court's entry of Final Judgment of Foreclosure on November 24, 2015." Further, ownership was established by the Essex County Sheriff's issuance of a Sheriff's Deed on August 6, 2016.

. . . .

Plaintiff Lee contends that [d]efendant has violated the New Jersey Fair Foreclosure Fairness Act. Specifically, [p]laintiff Lee states that, in New Jersey, ownership of real property is transferred by deed, and the transfer of a property interest is complete upon delivery of same. Here, according to [p]laintiff Lee, the certification of Brian J. Yoder, Esq. fails to certify that the Sheriff's Deed . . . was transferred and completed; that [U.S. Bank] is "person who takes titles, as a result of a [S]heriff's sale or deed in lieu of foreclosure to a residential property["]; and that [d]efendant, as an agent of [U.S. Bank], provided the Notice to Tenants in accordance with N.J.S.A. 2A:50-70. Further, [p]laintiff Lee asserts that the certification of Brian J. Yoder, Esq. also fails to offer any credible evidence to prove that it was the intent that the Sheriff's Deed be effective upon its physical delivery to [U.S. Bank] or to transfer the Subject Property to same.

[Plaintiff] also asserts that [d]efendant has failed to demonstrate that it did not violate the New Jersey Fair Foreclosure Fairness Act and, as such, the allegations set forth against [d]efendant remain undisputed. Nor has [d]efendant presented any credible evidence that [U.S. Bank] had taken title[] to the Subject Premises prior to, or after, sending the Notice to Tenants. In support of this assertion, [p]laintiff Lee cites to an apparently unanswered letter dated August 2, 2018 in which he demanded proof that ownership of the Subject Property had in fact changed. . . .

6

In reply, [d]efendant argues that, despite any claims to the contrary, the evidence attached to the [m]otion to [d]ismiss is admissible. Defendant cites to [Rule] 902 which provides that extrinsic evidence of authenticity as condition precedent to admissibility is not required with respect to New Jersey public documents and certified copies of public records. [N.J.R.E. 902.] Here, all of the documents on which [d]efendant relies are limited to true and correct copies of New Jersey public documents and copies of public records. Therefore, all of [d]efendant's exhibits are self-authenticating and admissible.

Further, [d]efendant states that the publically recorded Sheriff's Deed demonstrates that title to the Subject Property has vested in [U.S. Bank]. While [p]laintiff Lee claims that no proof was submitted of any physical delivery, [d]efendant contends that such extrinsic evidence is not required as "the public recording of the Deed automatically creates a presumption at law of delivery with the intent to transfer." Ibid.

[(Citations omitted).]

The judge concluded that dismissal was warranted under Rule 4:6-2(e) because "the record is replete with evidence showing that [U.S. Bank] gained title to the Subject [P]roperty via the Sheriff's [s]ale." Further, the judge aptly noted that, on November 25, 2015, a final judgment and writ of execution were granted in favor of U.S. Bank. On May 31, 2016, the Essex County Sheriff sold the Subject Property to U.S. Bank and issued a Sheriff's deed on August 6, 2016. On July 10, 2017, plaintiff's motion to vacate the Sheriff's sale was denied, and

on June 26, 2018, a post-sale Notice to Tenant was properly forwarded to the tenants in accordance with N.J.S.A. 2A:50-70. The judge concluded there was "proof" of ownership vesting in U.S. Bank, the issue of ownership "has been clearly decided," and plaintiff's claims are barred under the doctrines of res judicata, collateral estoppel, and the entire controversy doctrine. This appeal followed.

"On appeal, we apply a plenary standard of review from a trial court's decision to grant a motion to dismiss pursuant to Rule 4:6-2(e)." Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011). "[W]e owe no special deference to a trial judge's legal interpretations in deciding any motion." Giannakopoulos v. Mid State Mall, 438 N.J. Super 595, 600 (App. Div. 2014).

"In reviewing a complaint dismissed under Rule 4:6-2(e) our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989). "The essential test is simply 'whether a cause of action is "suggested" by the facts.'" Green v. Morgan Props., 215 N.J. 431, 451 (2013) (quoting Printing Mart-Morristown, 116 N.J. at 746). Reviewing courts must "search[] the complaint in depth and with liberality to ascertain whether the fundament of a

cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." Printing Mart-Morristown, 116 N.J. at 746 (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

Applying this standard of review, following our review of plaintiff's arguments in light of the record and applicable law, we affirm the Law Division's order substantially for the reasons set forth in Judge Claypoole's comprehensive and well-reasoned statement of reasons.

Any argument raised by plaintiff not explicitly addressed in this opinion lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION