**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4255-18T3

CHRISTIANA TRUST, a
Division of Wilmington Savings
Fund Society, FSB, as Trustee for
Normandy Mortgage Loan Trust,
Series 2013-19,

     Plaintiff-Respondent,

v.

OSCAR E. GOMEZ,

     Defendant-Appellant.

_____

Submitted March 11, 2020 – Decided April 1, 2020

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-012416-13.

Law Offices of Joseph A. Chang, attorneys for appellant (Joseph A. Chang, of counsel; Jeffrey Zajac, on the brief).

Matthew W. Lizotte, attorney for respondent.

PER CURIAM

Defendant Oscar E. Gomez appeals from the following orders entered in favor of plaintiff Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-19: a March 15, 2019 order denying defendant's motion to vacate the sheriff's sale and a May 10, 2019 order denying reconsideration of the March 15 order. We affirm both orders.

Plaintiff obtained a final judgment of foreclosure on August 31, 2017, involving a mortgage on defendant's home in West New York (Property). The sheriff scheduled the sale of the Property several times in 2018. However, each sale was adjourned because defendant filed bankruptcy petitions on June 21, 2018 and August 2, 2018. The bankruptcy court dismissed each petition. Defendant also exercised his statutory right to a stay of the sheriff's sale. The statutory stay adjourned the sale of the Property to January 10, 2019. Plaintiff then voluntarily adjourned the scheduled sheriff's sale to January 24, 2019.

On January 10, 2019, plaintiff sent notice of the adjourned date for the sale of the Property to defendant by regular and certified mail to his home address. The notice advised the sheriff's sale would occur on January 24, 2019.

About a week after plaintiff sent defendant notice of the sheriff's sale, defendant filed another petition for bankruptcy. Defendant's January 18, 2019 bankruptcy filing failed to stay the sale of the Property because it was his third bankruptcy petition filed within a one-year period and therefore defendant was not entitled to an automatic stay of the sale. Plaintiff purchased the Property at the sheriff's sale held on January 24, 2019.

Defendant filed a motion to set aside the sheriff's sale, arguing he was unaware the Property would be sold on that date. He claimed to have relied on the Hudson County Sheriff's website, which noted the Property would be sold on February 14, 2019.

In a March 14, 2019 oral decision, the judge denied defendant's motion to vacate the sheriff's sale. The judge found plaintiff served defendant and his attorney with notice of the sheriff's sale by regular and certified mail in accordance with Rule 4:65-2, and the notice advised defendant that the sale of the Property was scheduled for January 24, 2019. The notice went to defendant's home, the mortgaged Property. The judge rejected defendant's reliance on the Hudson County Sheriff's website for the sale date because defendant and his attorney had fourteen days' notice that the sale would take place on January 24, 2019. In addition, because defendant filed three separate bankruptcy petitions

3

within a one-year period, the judge explained defendant was not entitled to a stay of the sale. The judge concluded, "since the sale of this property has been adjourned since February 1, 2018, equity demands that the sale of this property not be disturbed."

Defendant filed a motion for reconsideration, which the judge denied.

On appeal, defendant argues the judge erred in denying his motion to vacate the January 24, 2019 sheriff's sale.

We review motions to set aside a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). Rule 4:65-2 requires "notice of the [sheriff's] sale . . . be posted in the office of the sheriff of the county . . . where the property is located, and also, in the case of real property, on the premises to be sold . . . ." In addition, "at least [ten] days prior to the date set for sale, [the party obtaining the order or writ shall] serve a notice of sale by registered or certified mail, return receipt requested," on "every party who has appeared" and the "owner of record." Ibid. A party objecting to a sheriff's sale must have a valid basis for the objection, such as "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citations omitted).

A-4255-18T3

We are satisfied the judge did not abuse his discretion by denying the motion to vacate the sheriff's sale. The record reflects plaintiff served defendant and defendant's attorney with the notice of the January 24, 2019 sheriff's sale via "regular and certified mail, return receipt requested." In accordance with Rule 4:65-2, the notice mailed to defendant was sent to the Property where defendant resides, and the notice mailed to defense counsel was sent to the law firm's business address. Defendant cited no legal authority in support of his reliance on the Hudson County Sheriff's website instead of the duly served notice of sale.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4255-18T3