**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0587-22

EAGLE REALTY OF NJ, LLC,

    Plaintiff-Appellant,

v.

111 KERO HOLDINGS, LLC, and
BPREP 111 KERO ROAD, LLC,

    Defendants-Respondents.

_____

Argued October 11, 2023 – Decided January 16, 2024

Before Judges Sumners and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000198-21.

Malcolm J. McPherson argued the cause for appellant.

Kenneth K. Lehn argued the cause for respondents (Winne, Banta, Basralian & Kahn, PC, attorneys; Kenneth K. Lehn, on the brief).

PER CURIAM

Plaintiff Eagle Realty of NJ, LLC appeals the Chancery Division order granting summary judgment to defendants 111 Kero Holdings, LLC and BPREP 111 Kero Road, LLC.  Plaintiff sought injunctive relief and removal of a curb, guardrail, and fence separating the parties' commercial properties, and alleged a claim of bad faith against Kero Holdings regarding an attempt to settle a previously dismissed similar action.  We affirm because we conclude there are no genuine issues of material fact precluding dismissal of plaintiff's complaint as a matter of law.

The following facts are viewed in the light most favorable to plaintiff as the non-moving party.  Polzo v. County of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).  In November 2018, plaintiff and Kero Holdings were owners of commercial properties and buildings in Carlstadt, sharing a property line of about 100 feet long with loading docks at the rear of plaintiff's property, which was occupied by Beta Industries, Inc.  Due to drainage, flooding, and hazardous conditions along the property lines, the New Jersey Sports and Exposition Authority (NJSEA) issued a "Non-Compliance Warning" to the parties.  Plaintiff declined Kero Holdings' request to cooperatively remediate the problem, claiming it was

caused by modifications made by another neighboring property owner. NJSEA found no "evidence to support [plaintiff's] claim."

Following a plan approved by the NJSEA, Kero Holdings resolved the problem without plaintiff's assistance. Along the joint property line, Kero Holdings constructed a one-foot-high curb with a guardrail, erected security fencing to separate the properties, and built a filtered drain into the curb to channel and redirect the surface water into a sump pump. The improvements, however, prevented tractor trailers from backing into or exiting from the loading docks at the rear of plaintiff's property because the vehicles could no longer drive onto the adjacent Kero Holdings' property.[1]

According to plaintiff, after purchasing the property in 1977, tractor trailers had more than thirty years of continuous access to its loading docks, thereby giving plaintiff a prescriptive easement, which Kero Holdings' improvements curtailed. Plaintiff acknowledged there was no written or oral agreement allowing tractor trailers to enter onto Kero Holdings' property to access plaintiff's loading docks. Instead, plaintiff "took it for granted" it could do so indefinitely.

---

[1] Although Kero Holdings no longer owns the property, for convenience we refer to the property as "Kero Holdings' property."

A-0587-22

This action was filed after plaintiff's initial Chancery Division suit against Kero Holdings seeking injunctive relief and removal of the improvements was dismissed. Following the close of discovery, the parties advised the court they had negotiated a non-binding letter of intent to settle the matter "subject to preparation and execution of . . . transactional documents; primarily a [l]icense to permit access to each other's property for tractor trailers seeking access to loading docks" and other terms. After the parties could not agree upon a written settlement agreement, they both unsuccessfully moved to enforce terms they believed were binding and sought attorney fees.

The court determined the parties did not have a meeting of the minds regarding the material terms of a settlement. The court's order did not expressly dismiss plaintiff's complaint, but effectively did so without prejudice, stating: "The parties are directed to file a new action wherein claims regarding a purported settlement can be raised. The parties shall serve and file pleadings in such new action within forty-five (45) days of this [o]rder." . The order was not appealed.

Plaintiff complied with the court's order by filing this action, seeking the same relief as its initial action, and adding BPREP 111 Kero Road, the new owner of Kero Holdings' property, as a defendant. Plaintiff also added a claim

4

of bad faith against Kero Holdings for failing to formalize the settlement of the initial action.

In response, defendants sent a Rule 1:4-8 frivolous claim letter to plaintiff's counsel demanding dismissal of the action because there was no basis in law for the claims. The letter contended plaintiff's managing member's sworn statements and deposition testimony in the initial action indicated plaintiff's access to Kero Holdings' property was "a revocable license[,] not a prescriptive easement."

Plaintiff did not dismiss its complaint, but the trial court eventually did so by granting defendants' summary judgment motion dismissing the complaint with prejudice. The court, however, denied defendants' request for Rule 1:4-8 sanctions. The court explained its reasoning in a written decision. Plaintiff's appeal followed.

Our review of a summary judgment order is de novo, applying the same standard as the trial court, Conforti v. County of Ocean, 255 N.J. 142, 162 (2023). Summary judgment should only be granted where "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Branch v. Cream-O-Land Dairy, 244

N.J. 567, 582 (2021) (quoting R. 4:46-2(c)).  Applying these principles, we conclude summary judgment was proper.

We initially point out that plaintiff contends there are genuine issues of material fact barring summary judgment.  Yet, our review of plaintiff's merits and reply briefs leads us to conclude plaintiff failed to cite any genuine issues of material facts precluding summary judgment.  We are therefore left to only address plaintiff's contentions it possessed a prescriptive easement and its bad faith claims were sufficient.

Plaintiff contends the record established it had a prescriptive easement for over thirty years, allowing tractor trailers access to its property by driving onto Kero Holdings' property.  The easement was violated when Kero Holdings' remediation of poor draining and flooding on the parties' properties prevented tractor trailers from accessing plaintiff's property.

"To establish an easement by prescription, a claimant must show a use which is adverse or hostile, exclusive, continuous, uninterrupted, visible and notorious for a period of [thirty] years."  Mandia v. Applegate, 310 N.J. Super. 435, 443-44 (App. Div. 1998) (citing Baker v. Normanoch Ass'n, 25 N.J. 407, 419 (1957)).  "The proponent of the easement must establish the elements by the preponderance of the evidence."  Yellen v. Kassin, 416 N.J. Super. 113, 120

(App. Div. 2010) (citing <u>Patton v. N. Jersey Dist. Water Supply Comm'n</u>, 93 N.J. 180, 187 (1983)). Under the principle of "tacking," successors-in-interest may establish the requisite statutory period if "each owner who acquires title . . . satisf[ies] all the elements." <u>Stump v. Whibco</u>, 314 N.J. Super. 560, 568 (App. Div. 1998) (citation omitted).

Despite plaintiff's use of Kero Holdings' property for over thirty years, plaintiff does not satisfy the other requirements establishing a prescriptive easement. The court correctly found the sworn statements and deposition testimony of plaintiff's managing member plainly show that plaintiff's use of Kero Holdings' property was neither adverse nor hostile. Plaintiff does not rely on a written easement agreement, instead contending it had "permission" that was "admittedly tacit" from Kero Holdings, and its predecessors, to go onto their property to access plaintiff's loading docks. This is insufficient. There are no facts indicating, even slightly, that plaintiff's use of the property was hostile or adverse. There is also no evidence that plaintiff's use of Kero Holdings' property was exclusive, precluding Kero Holdings or its successor in interest BPREP 111 Kero Road use of the property. Kero Holdings had the unfettered right to remediate the draining and flooding issues by the making the improvements on its property even though it precluded tractor trailers access to plaintiff's

A-0587-22

property.  Summary judgment dismissal of plaintiff's prescriptive easement claim was appropriate.

As for the bad faith claim, plaintiff argues Kero Holdings "had no intention to abide by the terms of the [l]etter of [i]ntent[,] . . . act[ing] in bad faith by refusing to remove or lower the concrete curb separating the parties['] properties, failing to maintain and repair the sump pump and drain[,] and knowingly causing additional flooding onto [p]laintiff's property."  The argument falls flat.  The court correctly dismissed the claim because it "previously determined that there was no meeting of the minds with respect to any alleged settlement" agreement, and "[d]efendants could not have violated [an agreement] or acted in bad faith" to settle the initial matter.  Because the prior order dismissing the initial action was not appealed, plaintiff cannot revisit that ruling in the current action.

Although not expressly stated by the court, res judicata and collateral estoppel bar plaintiff's bad faith claim.  The doctrine of "[r]es judicata prevents relitigation of a controversy between the parties." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002) (citing Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 172 (App. Div. 2000)).  "[F]or res judicata to apply, there must be (1) a final judgment by a court of competent

jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Id. at 318-19 (citing McAllister, 327 N.J. Super. at 172-73). All these elements were satisfied by the court's order denying motions by plaintiff and Kero Holdings to enforce certain terms of the non-binding letter of intent to settle the initial action.

For the same reasons, collateral estoppel applies. Collateral estoppel arises "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." Winters v. N. Hudson Reg'l Fire & Rescue, 212 N.J. 67, 85 (2012) (alteration in original) (quoting Restatement (Second) of Judgments § 27 (Am. Law Inst. 1982)). The party against whom the doctrine is asserted must have been a party to the earlier proceeding. Ibid. Plaintiff's motion to enforce a settlement was denied because there was no binding agreement to settle.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION