**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0144-24

WELLS FARGO BANK, N.A., AS
INDENTURE TRUSTEE UNDER
THE INDENTURE RELATING TO
IMPAC CMB TRUST SERIES 2005-6,

     Plaintiff-Respondent,

v.

ASTHER HERRERA,

     Defendant-Appellant,

and

WASCAR HERRERA, EVELYN
GONZALEZ, YMILCE ORTIZ,
IMPAC FUNDING CORPORATION,
NORTH STAR CAPITAL
ACQUISITION  LLC, US
MORTGAGE  CORP.,

     Defendants.

_____

Submitted May 27, 2025 – Decided June 3, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-003086-18.

Asther Herrera, appellant pro se.

Stradley Ronon Stevens & Young, LLP, attorneys for respondent (David Rosenberg, on the brief).

PER CURIAM

In this residential foreclosure action, the trial court denied defendant Asther Herrera's motion to expunge the sheriff's sale of real property she owned in Dumont, New Jersey (the Property). Because we are satisfied the trial court did not err in finding defendant failed to object to the sale in accordance with Rule 4:65-5, we affirm substantially for the reasons set forth in the trial court's concise written decision.

I.

We begin by reciting the salient, uncontested facts in the record. On June 27, 2005, defendant and Wascar Herrera executed a note and mortgage securing a $484,000 debt to U.S. Mortgage Corporation. On July 5, 2006, U.S. Mortgage Corporation assigned the mortgage to IMPAC Funding Corporation (IMPAC), and on December 29, 2017, IMPAC assigned the mortgage to plaintiff Wells Fargo Bank, N.A., as indenture trustee under the indenture relating to IMPAC CMB Trust Series 2005-6.

2

On June 1, 2017, defendant defaulted on the note and mortgage payments. When defendant failed to cure the default, plaintiff filed a foreclosure complaint against defendant. Defendant did not file an answer or other responsive pleading. On November 20, 2019, the trial court entered a final default judgment against defendant for $615,486.45 plus interest and providing that defendant "stand[s] absolutely debarred and foreclosed of and from all equity of redemption of, in and to so much of the said [m]ortgaged premises as shall be sold . . . under this [j]udgment."

There were approximately ten adjournments of the sheriff's sale before plaintiff ultimately purchased the Property at the December 2, 2022 sale. The sheriff's deed was delivered to plaintiff's counsel on January 3, 2023.

On February 17, 2023, defendant filed a motion to set aside the sheriff's sale. The trial court entered an order denying defendant's motion, setting forth the following reasons in a written decision:

> Defendant defaulted on the payments under the note and mortgage on July 1, 2017, approximately five (5) years ago, and has since failed to cure [the] same.
>
> . . . .
>
> Additionally, defendant did not file her motion to vacate the December 2, 2022 [s]heriff's sale until February 17, 2023, approximately 2.5 months later. Further, the court finds plaintiff provided defendant

A-0144-24

> with proper notice of each scheduled [s]heriff's sale
> . . . . [Defendant's] assertion regarding a "mistake" as
> to a listing of the property as bank owned, is not cause
> to set aside the [s]heriffs sale. Cause to set aside the
> [s]heriff's sale is not substantiated. There is no
> reasonable basis upon which to grant defendant's
> motion to vacate the [s]heriff's sale under R[ule] 4:65-
> 5.

On May 21, 2024, defendant moved to expunge the sheriff's deed and for other relief. In her certification, defendant claimed the sheriff's deed was recorded "without a trial [j]udge's determination of the validity of the sale on December 2, 2022, and the sale was not confirmed by [the trial judge]." The trial court denied the motion, finding defendant's motion objecting to the sale was not filed within the time period prescribed in Rule 4:65-5.

This appeal followed.

## II.

We are unpersuaded by defendant's arguments and discern no abuse of discretion in the trial court's denial of defendant's motion based substantially on the trial court's application of the ten-day limitation period in Rule 4:65-5. United States v. Scurry, 193 N.J. 492, 503 (2008) (a trial court order deciding a motion to vacate or otherwise set aside mortgage foreclosure proceedings is reviewed for abuse of discretion).

Rule 4:65-5, governing sheriffs' sales and objections, provides:

4

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance . . . .

Absent an objection, a sheriff's sale is automatically confirmed after ten days. Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316 (App. Div. 2002). Even when a timely motion is filed, a litigant's burden to set aside a sheriff's sale is substantial since: "[a] court may not interfere with the Sheriff's exercise of discretion with respect to those conditions unless there is proof that the Sheriff's conduct of the sale was so 'palpably injudicious' as to amount to 'a fraud upon the rights of the parties interested[.]'" Mortg. Access Corp. v. Leek, 271 N.J. Super. 352, 356 (App. Div. 1994) (quoting Invs. & Lenders, Ltd. v. Finnegan, 249 N.J. Super. 586, 596 (Ch. Div. 1991)) (internal quotation marks omitted).

The trial court's denial of defendant's motion was predicated on the application of prevailing law. As set forth by the trial court, defendant "did not file her motion to vacate the December 2, 2022 [s]heriff's sale until February 17, 2023, approximately 2.5 months later." Defendant also failed to object to the sale before the deed was delivered on December 21, 2022 and, therefore, is barred from extending the redemption period based on valid proof of fraud or

5

evidence the purchase price was below market value. Because defendant failed to file an objection within ten days of the sale or "before the delivery of the conveyance," the sheriff's sale was "automatically confirmed" by the trial court. Id. at 316.

Any arguments not addressed here lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0144-24