**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2588-24

NEWREZ LLC, d/b/a SHELLPOINT
MORTGAGE SERVICING,

 Plaintiff-Respondent,

v.

WILLIAM VELAZQUEZ, individually
and as Administrator of the ESTATE OF
ALBERTO VELAZQUEZ, a/k/a ALBERTO
VELAZQUEZ LOZADA, and JOSEFINA
TORRES,

 Defendants-Appellants,

and

GREAT SENECA FINANICAL CORP.,
MERCHANTS COMMERICAL CREDIT,
on behalf of PNC BANK, RAB
PERFORMANCE RECOVERIES LLC,
STATE OF NEW JERSEY, and
UNITED STATES OF AMERICA,

 Defendants.

_____

ROBERT BARNETT, SARA
BARNETT and OCEAN COUNTY

SHERIFF'S DEPARTMENT,

Intervenors-Respondents.

_____

Submitted June 1, 2026 – Decided June 18, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-010090-23.

William Velazquez and Josefina Torres, self-represented appellants.

Duane Morris LLP, attorneys for respondent NewRez LLC d/b/a Shellpoint Mortgage Servicing (Mark A. Roney, of counsel and on the brief).

Kessler Law, LLC, attorneys for respondents Robert Barnett and Sara Barnett (Adam S. Kessler, on the brief).

Berry Sahradnik Kotzas & Benson, attorneys for respondent Ocean County Sheriff's Department, join in the brief of intervenors Robert Barnett and Sara Barnett.

PER CURIAM

A-2588-24

In this residential foreclosure matter, defendants William Velazquez and Josefina Torres[1] appeal from the April 11, 2025 trial court order that denied their motion to vacate the sheriff's sale of a Lakewood property after final judgment was entered in favor of plaintiff NewRez LLC, d/b/a Shellpoint Mortgage Servicing. Having reviewed the record and the parties' arguments, we affirm.

In January 2005, Alberto Velazquez Lozado executed a $235,000 note and mortgage on a home in Lakewood to the original lender. The mortgage was later assigned to plaintiff. Lozado passed away intestate in February. William Velazquez was appointed administrator of the estate. By deed dated March 30, 2020, title to the property was transferred to William Velazquez, individually.

After defendants defaulted on the loan in March 2023, plaintiff filed a foreclosure complaint in August. The court granted plaintiff's subsequent motion for summary judgment and in July 2024 entered a final judgment to plaintiff in the amount of $141,120.11, together with lawful interest, costs of suit, and counsel fees. The judgment also ordered the mortgaged premises to be

---

[1] Josefina Torres is the daughter of the original mortgagor and the sister of co-defendant William Velazquez and is named in the foreclosure complaint "as a party defendant to foreclose any right, title or interest . . . she may have in the property."

A-2588-24

sold to satisfy the debt, and the court also issued a writ of execution directing the sheriff to conduct a sale of the property.

Plaintiff sent notice of the sheriff's sale to defendants and other interested parties on October 11, 2024. The initial sale was scheduled for October 29, 2024, but defendants utilized their two statutory adjournments, which resulted in the rescheduling of the sale for December 10, 2024.

Four days before the December sale, defendants filed an application to stay the sale, asserting among other alleged deficiencies that plaintiff failed to comply with N.J.S.A. 2A:50-64 of the New Jersey Fair Foreclosure Act (FFA). The court agreed to stay the sale until January 7, 2025.

On January 6th, a day before the re-scheduled sheriff's sale, defendants filed a second motion to stay, citing their pending appeal challenging the final judgment and again asserted that neither the sheriff nor plaintiff provided a compliant notice of sale pursuant to the FFA. As we understand defendants' arguments, they maintained under N.J.S.A. 2A:50-64(a)(4), notice of a sheriff's sale is required to be "mailed in an envelope that plainly states on its exterior that the envelope is a notice for the sale of the foreclosed upon residential property."

4

Plaintiff contested defendants' claim that they did not receive notice of the sale. Plaintiff further maintained that defendants' statutory interpretation of the FFA is in direct conflict with the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692f(8), which precludes a debt collector from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails," except for a business name that does not indicate debt collection and thus would preempt the FFA with respect to the notice requirement in N.J.S.A. 2A:50-64(a)(4).

The following day, the court adjourned the sheriff's sale to February 18, 2025, and scheduled a hearing for January 31st to address defendants' motion. After considering the parties' arguments and submissions the court entered an order on that day denying defendants' application. On February 18th, the property was successfully sold to third-party purchasers, Robert and Sara Barnett.

On February 25th, defendants filed a motion again objecting to the sale, asserting that the completed sale should be vacated due to the sheriff's failure to provide the notice required by the FFA, specifically the envelope language mandated by N.J.S.A. 2A:50-64(a)(4). In their certification in support of their

5

February 25th motion, defendants also maintained that plaintiff failed to announce that an appeal was pending challenging the final judgment.

The trial court denied the motion on April 11, 2025, and explained in an oral decision that it found no merit to any of defendants' arguments. The court determined that defendants had actual notice of the sale, the mailing requirements were satisfied and, to the extent the defendants argued otherwise, any conflict with state law was preempted by federal law. Additionally, the court found that the defendants lacked standing as they were not successful bidders but rather former property owners.

The court issued a written amplification of its April 11, 2025 decision under Rule 2:5-1(d), and explained that defendants' motion to vacate the sheriff's sale was denied for two principal reasons. First, the court found that the issue of compliance with the FFA had already been determined by the court when resolving defendant's numerous applications to stay the sheriff's sale. Second, even considering the merits, the court concluded that N.J.S.A. 2A:50-64(a)(4) did not apply under the circumstances of this case. The court noted that it had the authority to set aside a sheriff's sale and order a resale of the property, but that power was to be exercised with great care and only when necessary for

A-2588-24

compelling reasons, such as fraud, accident, surprise, mistake, or irregularities in the conduct of the sale, none of which existed here.

The court also found that defendants' argument regarding the FFA was unavailing. The court held that the FFA's envelope language requirement is preempted by the FDCPA, which prohibits the use of any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by mail. The court reasoned that the FFA's requirement to include language on the envelope directly conflicted with the FDCPA, and thus, the FFA was preempted to that extent. The court also found that even if the provision applied, the alleged lack of proper notice did not constitute an irregularity sufficient to set aside the sale, particularly where defendants had actual notice of the sale.

The court determined that defendants' argument regarding the lack of announcement of the pending appeal at the sale was unsupported by the record. The court credited plaintiff's certification from Anthony Uva, the lead auction coordinator who was present at the February 18, 2025, sheriff's sale, and who certified that a pending appeal was announced at the sale. Moreover, the court reaffirmed its determination that defendants lacked standing to assert a defect in the sale as it maintained such rights are reserved to successful bidders only.

7

Before us, defendants argue that the trial court erred and abused its discretion by not vacating the sheriff's sale. They again contend that the plaintiff and the sheriff failed to comply with the FFA, specifically N.J.S.A. 2A:50-64(a)(4). They rely on an unpublished trial court opinion for the proposition that because neither the sheriff nor defendant included the statutory language on the exterior of the envelope that irregularity warranted vacating the sale.

Defendants further argue that the FFA is not preempted by the FDCPA as the FFA seeks to provide an extra layer of notice to defendants and tenants regarding the impending sheriff's sale, without sanctioning or encouraging abusive debt collection practices. Defendants assert that this notice is crucial to ensure that homeowners are aware of any pending sale and can take appropriate action. They also maintain that they were entitled to be given proper notice of any sale and to the extent the court's determination that rested on the assumption that property belonged to the estate, that finding was clearly erroneous, as defendant William Velazquez had taken title to the property.

Third-party purchasers, Robert and Sara Barnett, oppose defendants' request to vacate the sale and argue they are innocent third parties who would be prejudiced if the sale were set aside after they completed the purchase in good faith and in reliance on a duly noticed and properly conducted sale, the finality

A-2588-24

which should be honored.  The Ocean County Sheriff's Department agrees with the Barnetts and has joined in their arguments.

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion.  United States v. Scurry, 193 N.J. 492, 502-03 (2008).  An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible basis.'"  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Rule 4:65-5, governing sheriffs' sales and objections, provides:

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance . . . .

Absent an objection, a sheriff's sale is automatically confirmed after ten days.  Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316 (App. Div. 2002).  Even when a timely motion is filed, a litigant's burden to set aside a sheriff's sale is substantial because "[a] court may not interfere with the [s]heriff's exercise of discretion with respect to those conditions unless there is proof that the [s]heriff's conduct of the sale was so 'palpably injudicious' as to amount to 'a fraud upon the rights of the parties interested[.]'"  Mortg. Access

9

Corp. v. Leek, 271 N.J. Super. 352, 356 (App. Div. 1994) (quoting Invs. & Lenders, Ltd. v. Finnegan, 249 N.J. Super. 586, 596 (Ch. Div. 1991)). Although a mortgagor may file an objection pursuant to Rule 4:65-5 after the ten-day period and before the deed is delivered, there must be "some valid ground for objection." Brookshire Equities, 346 N.J. Super. at 317. Valid grounds include "fraud, accident, surprise, irregularity, . . . impropriety in the sheriff's sale," or instances where "the price paid by the buyer . . . is below fair market value." Ibid.

Applying these principles, we are convinced that the trial court's decision denying defendants' application to vacate the sheriff's sale was a proper exercise of its discretion based on the overwhelming evidence in the record that defendants had actual notice of the sheriff's sale. Indeed, defendants received written notice of the sale date, as evidenced by the envelopes and letters sent to them and included in the record. They exercised both of their statutory adjournments to delay the sale, further confirming their awareness of pending proceedings and the rescheduled dates.

In addition, defendants attended each proceeding related to their applications to delay the sheriff's sale and were made aware of the exact date of any rescheduled sale. As noted, defendants filed two separate motions to stay

the sheriff's sale on December 6, 2024, and January 6, 2025, which resulted in adjournments to January 7, 2025, and January 31, 2025, respectively. Finally, defendants were specifically aware the court adjourned the sheriff's sale to February 18, 2025, because they argued their unsuccessful motion to stay the sale on January 31, 2025. In sum, it is beyond dispute that defendants were on notice with respect to each rescheduled date for the sheriff's sale and twice filed applications to stay the sale.

Given this actual notice and opportunity to be heard, any alleged technical defect in the form or manner of notice does not rise to the level of an irregularity warranting the extraordinary remedy of vacating the sale. Because the defendants were indisputably aware of the sale, were not prejudiced and fully availed themselves of all their rights, we need not reach the question of any purported conflict between the FFA and the FDCA, any of the parties' remaining arguments, or any of the other bases upon which the court relied to deny defendants' application. Finally, to the extent defendants challenge the court's decision to deny their motion to vacate the sheriff's sale based on any alleged impropriety of the sheriff's representative when announcing the fact of their pending appeal, we reject those arguments based on the court's factual findings

11

and legal conclusions explained in its oral decision and amplification and specifically its reliance on the certified statement of the auction coordinator.

To the extent we have not expressly addressed any of defendants' arguments it is because we concluded they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

A-2588-24