**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4967-18T1

DEUTSCHE BANK NA TRUST
COMPANY, AS TRUSTEE FOR
AMERIQUEST MORTGAGE
SECURITIES INC., ASSET-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-R9,

     Plaintiff-Respondent,

v.

NATHAN COLBERT,

     Defendant-Appellant,

and

TRIBUTARY WOODS
HOMEOWNER'S ASSOCIATION,

     Defendant-Respondent.

_____

Submitted August 10, 2020 – Decided August 20, 2020

Before Judges Whipple and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-020900-17.

Nathan Colbert, appellant pro se.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent Deutsche Bank (Dustin Peter Mansoor, on the brief).

Respondent Tributary Woods Homeowner's Association has not filed a brief.

PER CURIAM

Defendant Nathan Colbert appeals from the June 3, 2019 denial of his motion to vacate the sheriff's sale of real property on which he had executed a note and mortgage, and later defaulted. We affirm, substantially for the reasons outlined in the thorough and thoughtful opinion of Judge Joan Bedrin Murray.

In August 2005, defendant executed a note in favor of Ameriquest Mortgage Company in the sum of $249,999. He also executed a mortgage to secure payment of the note. Defendant defaulted on the loan in May 2017. By then, the note and mortgage were assigned to plaintiff Deutsche Bank, N.A., as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R9 (Deutsche Bank).

In September 2017, plaintiff filed a complaint in foreclosure and the litigation was uncontested. Final judgment was entered in April 2018 in the

A-4967-18T1

amount of $444,733.42. On January 11, 2019, the property was sold at sheriff's sale to plaintiff. Defendant took no action within the ten-day period following the sale, but on March 18, 2019, he moved to vacate the sale. Plaintiff opposed the motion.

At oral argument on defendant's motion in April 2019, the parties extensively focused on whether defendant received proper notice of the sheriff's sale. We need not repeat those arguments here, as Judge Murray aptly summarized them at oral argument and in her written opinion. Nevertheless, we note that when oral argument concluded, the judge informed counsel she would refrain from deciding defendant's motion for a ten-day period to see if the parties could agree on terms for defendant to reinstate the mortgage. The judge confirmed that if she did not hear from the parties by the end of that period, she would render a decision.

On June 3, 2019, Judge Murray denied defendant's motion to vacate the sheriff's sale. She found that "[p]laintiff followed all requirements for giving [defendant] notice of the sheriff's sale," consistent with Rule 4:65-2,[1] as notice

---

[1] Rule 4:65-2 requires "notice of the [sheriff's] sale . . . be posted in the office of the sheriff of the county . . . where the property is located, and also, in the case of real property, on the premises to be sold . . . ." In addition, "at least [ten] days prior to the date set for sale, [the party obtaining the order or writ shall]

A-4967-18T1

was posted in the sheriff's office and "on the subject property on November 12, 2018." Moreover, the judge determined notice "was mailed to defendant at the subject property by certified and regular mail on December 19, 2018." While the judge acknowledged defendant's argument that he received all his mail at a New York address, she was "not persuaded of the likelihood that defendant failed to observe the notice posted to his property," as he "passed in and out of the house on a daily basis." Further, even if service of notice of the sale was deficient, the judge found "defendant was not able, or did not choose, to reinstate the loan," despite the fact she "permitted him ten days at the conclusion of oral argument to do so." The judge observed that the parties were to notify her if reinstatement occurred and she received no such notice.

On appeal, defendant raises the following arguments in his pro se brief:

> I. THE COURT ERRED IN FINDING THAT THE APPELLANT RECEIVED NOTICE OF THE SHERIFF'S SALE AS RESPONDENT ADMITS THAT NO ATTEMPT AT SERVICE WAS EVER MADE AT THE POST OFFICE BOX, WHICH HAD BEEN DESIGNATED AS THE ADDRESS FOR ALL COMMUNICATIONS AND MAILINGS INCLUDING SERVICE[.]

---

serve a notice of sale by registered or certified mail, return receipt requested," on "every party who has appeared" and the "owner of record." Ibid.

II. THE PRESUMPTION OF MAILING DOES NOT APPLY SINCE RESPONDENTS NEVER COMMUNICATED WITH APPELLANT AT ANY ADDRESS OTHER THAN THE POST OFFICE BOX.

III. EVEN IF RESPONDENT HAD SERVED APPELLANT BY MAIL ON DECEMBER 17, 2018, NEITHER DUE PROCESS NOR PROPER NOTICE HAD BEEN GIVEN, AS SUCH DATE WAS [SEVENTEEN] [SIC] DAYS AFTER THE SHERIFF'S SALE HAD BEEN [ORIGINALLY] SCHEDULED TO TAKE PLACE ON DECEMBER 7, 2018[.]

IV. THE COURT IMPROPERLY CONCLUDED THAT REDEMPTION WAS NOT POSSIBLE AND THAT APPELLANT COULD NOT REDEEM[.]

Based on our careful review of the record, we find these arguments unconvincing. Despite the court's broad discretion to employ equitable remedies, the power to set aside a sheriff's sale should be "sparingly exercised." First Tr. Nat. Assoc. v. Merola, 319 N.J. Super. 44, 52 (App. Div. 1999) (quoting Karel v. Davis, 122 N.J. Eq. 526, 529 (E. & A. 1937)). "The burden of proof rests with the objector." E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987). Further, a party objecting to a sheriff's sale must have a valid basis for the objection, such as "fraud, accident, surprise, irregularity, or

A-4967-18T1

impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citations omitted).

We review motions to set aside a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). No such abuse exists here, as Judge Murray's findings comport with the credible evidence in the record. Moreover, defendant's belated motion to vacate was denied only after the judge afforded him a chance to reinstate the mortgage. Under these circumstances, we perceive no basis to disturb Judge Murray's well-reasoned decision. The balance of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4967-18T1