**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3925
_____

REZA FARZAN,
                              Appellant

v.

J.P. MORGAN CHASE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC; STACY E. SPOHN; BETH COTTRELL; SHEENA MCWILLIAMS;
ADRIANE C. MATTHEWS; JOHN DOE; JANE DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-05156)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2021
Before:  McKEE[*], SHWARTZ and RESTREPO, Circuit Judges

(Opinion filed: November 30, 2022)
_____

OPINION[**]
_____

PER CURIAM

_____

[*] Judge McKee assumed senior status on October 21, 2022.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Reza Farzan appeals the District Court's order dismissing his complaint. For the reasons detailed below, we will affirm the District Court's judgment.

In 2005, Farzen obtained a mortgage-loan and purchased a home in New Jersey. In 2009, the originator of the loan transferred the mortgage and note to JP Morgan Chase Bank; Farzan alleges that the transfer was fraudulent. In 2014, Chase prepared an affidavit of lost note; Farzan contends that that document is also fraudulent because Chase never had the note and thus could not have lost it. Soon thereafter, Chase, through what Farzan claims is a third fraudulent transaction, transferred its interest to Bayview Loan Servicing LLC. See ECF No. 1 at 5.

In 2016, Bayview claimed that Farzan was delinquent in his loan payments and instituted foreclosure proceedings in New Jersey state court. In that action, Farzan argued, among other things, that Bayview lacked the right to foreclose because the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer were all invalid. The state court rejected Farzan's defenses and counterclaims and granted Bayview's motion for summary judgment.

In 2019, Farzan filed a complaint in the District Court alleging that Chase, the Mortgage Electronic Registration System, and individual defendants violated his rights by performing the three transactions described above. The defendants filed a motion to dismiss. The District Court granted the motion, concluding that the Rooker-Feldman doctrine barred the action. Farzan appealed. In this Court, Farzan filed a motion to expand the record, and the defendants sought leave to file a supplemental appendix.

2

We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While we disagree with the District Court's reliance on Rooker-Feldman,[1] we will nevertheless affirm because Farzan's claims are barred by New Jersey's preclusion rules. See In re Mullarkey, 536 F.3d 215, 229–30 (3d Cir. 2008); Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885–86 (3d Cir. 1997).[2] Under New Jersey law, which

_____

[1] Farzan principally complains of injury caused by the three allegedly fraudulent transactions, not the foreclosure action, and the Rooker-Feldman doctrine does not bar those claims. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 167 (3d Cir. 2010). Further, the Rooker-Feldman doctrine applies if the plaintiff complains of injuries caused by a state court judgment, which exists only if (1) "'the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved'"; (2) "'the state action has reached a point where neither party seeks further action'"; (3) or "a state proceeding has 'finally resolved all the federal questions in the litigation.'" Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 459 (3d Cir. 2019) (quoting Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 24–25 (1st Cir. 2005)). From the record in the District Court, it is not clear whether Farzan still had an opportunity to appeal the state court's judgment at the time he filed his complaint. In any event, we need not conclusively resolve these issues because preclusion principles are dispositive of Farzan's claims. See Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 277 (3d Cir. 2016) (ruling that Court was "permitted to 'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds").

[2] We may affirm on any ground supported by the record, see Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015), and the defendants raised the preclusion defense in their motion to dismiss. Further, we are satisfied that, given Farzan's discussion of the foreclosure action in his complaint, it is permissible to reach this defense in the Rule 12(b)(6) context. See generally Hoffman, 837 F.3d at 280. In determining whether claims should be dismissed as barred by claim preclusion, a court may take judicial

3

governs the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), "when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation," Adelman v. BSI Fin. Servs., Inc., 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018) (quoting Lubliner v. Bd. of Alcoholic Beverage Control for Paterson, 165 A.2d 163, 167 (N.J. 1960)).  Res judicata applies if there is "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action."  Brookshire Equities, LLC v. Montaquiza, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002).  Here, Farzan raised these same claims in the foreclosure action—i.e., that the defendants committed fraud by executing the 2009 transfer, the 2014 affidavit of lost note, and the 2014 transfer—but the trial court denied Farzan's defenses and counterclaims and granted summary judgment to Bayview.  See Velasquez v. Franz, 589 A.2d 143, 147 (N.J. 1991) (explaining that an order granting summary judgment is final for these purposes).[3]  Therefore, the District Court cannot reconsider these claims.  See Delacruz v. Alfieri, 145 A.3d 695, 708 (N.J. Super. Ct. Law Div. 2015).

---

notice of the record of the prior proceeding, see Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988), in addition to considering "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents," Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (quotation marks omitted).

[3] As noted above, it is unclear if Farzan appealed the trial court's decision, but under New Jersey law, "a judgment is final even pending an appeal." Bondi v. Citigroup, Inc., 32 A.3d 1158, 1187 (N.J. Super. Ct. App. Div. 2011).

Moreover, to the extent there is any difference between the claims or parties in the two actions, Farzan's claims are nevertheless barred by New Jersey's Entire Controversy Doctrine. Under this doctrine, a party must bring in one action "'all affirmative claims that [it] might have against another party, including counterclaims and cross-claims,'" and must join "'all parties with a material interest in the controversy,'" or "be forever barred from bringing a subsequent action involving the same underlying facts." Rycoline Prods., Inc., 109 F.3d at 885–86 (alteration in original) (quoting Circle Chevrolet Co. v. Giordano, Halleran & Ciesla, 662 A.2d 509, 513 (N.J. 1995)). This doctrine bars any variations of the claims concerning the allegedly fraudulent transactions that Farzan seeks to raise in this action. See Delacruz, 145 A.3d at 708 ("Claims or defenses that went to the validity of the mortgage, the amount due, or the right of [mortgagee] to foreclose had to be raised in the foreclosure proceeding or they were barred.").

Accordingly, we will affirm the District Court's judgment.[4]

---

[4] Farzan's motion to expand the record to include documents not filed in the District Court is denied. See, e.g., Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013) (a party may supplement the record on appeal in only "exceptional circumstances"). Farzan's other requests for relief are denied. The defendants' motion to file a supplemental appendix is granted in part and denied in part. The motion is granted to the extent that the defendants seek to file, in a supplemental appendix, the documents listed in Fed. R. App. P. 30 and 3d Cir. L.A.R. 30.3 that Farzan did not include in his appendix. The motion is denied to the extent that the defendants seek to file documents that are not part of the record in the District Court. See Burton, 707 F.3d at 435. We note that, in our judgment, we are awarding costs to the defendants. However, the defendants will not be able to recover costs for any documents included in the supplemental appendix that are duplicative of documents contained in Farzan's appendix or that were not part of the record in the District Court.