**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2590-22

LE CLUB I CONDOMINIUM
ASSOC., INC.,

     Plaintiff-Respondent,

v.

SHAUN L. KLINE,

     Defendant-Appellant.

_____

     Submitted September 24, 2024 – Decided October 9, 2024

     Before Judges Firko and Augostini.

     On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. DC-008772-19.

     Law Office of Stephen J. Buividas, attorneys for appellant (Stephen J. Buividas, on the brief).

     McGovern Legal Services, LLC, attorneys for respondent (Weston D. Dennen and Tiffany L. Byczkowski, on the brief).

PER CURIAM

In this Special Civil Part collection action, defendant Shaun L. Kline appeals from an April 12, 2023 order denying his order to show cause (OTSC) to stay eviction, and an April 26, 2023 order denying stay of transfer of ownership of his condominium unit. We affirm both orders on appeal.

I.

The facts are not in substantial dispute. Defendant owned a condominium unit with plaintiff Le Club I Condominium Association, Inc., located in Mount Laurel. On September 15, 2005, defendant purchased the unit for $165,000.00 and financed the purchase through a conventional mortgage. Defendant paid plaintiff maintenance fees on time for fifteen years until he fell behind in payments in July 2019. The maintenance fees were originally $195.00 per month. In April 2022, the maintenance fees were increased to $215.00 per month.

On October 30, 2019, plaintiff filed a complaint in the Special Civil Part against defendant for unpaid maintenance fees due in the amount of $3,885.00, attorney's fees, interest, and costs. Pursuant to Rules 6:2-2 and 6:2-3, the court mailed the summons and complaint to defendant at his condominium unit address, which was his last known address. Defendant did not respond to plaintiff's complaint. On June 26, 2020, plaintiff filed a motion to enter default

and default judgment out of time, which was granted on July 14, 2020. Judgment was entered in favor of plaintiff and against defendant in the amount of $10,368.14.

While the motion was pending in the Special Civil Part, defendant claims he was dealing with significant health-related issues.[1] Defendant also stated his mother suffered a stroke, and he was her caretaker. In October 2020, defendant asserts he underwent prostate cancer surgery. The next day, defendant developed kidney failure and an embolism. Defendant then lost his job. In the ensuing months, he underwent multiple radiation treatments.

After unsuccessful attempts to locate assets to satisfy the judgment, plaintiff moved to obtain an order to sell defendant's condominium unit, which was granted on September 9, 2021. Plaintiff also sought to enforce its judgment by filing an application for wage execution. On January 5, 2022, the trial court entered an order for wage execution against defendant's wages, which apparently did not satisfy the judgment. Plaintiff filed four separate requests for writs of execution against defendant's goods and chattels, which were all unsuccessful in satisfying the judgment.

---

[1] The record contains defendant's certification listing his health-related issues, but he did not include any medical documents or reports to substantiate his claim.

On September 15, 2022, plaintiff filed a second application for execution against defendant's wages. On December 17, 2022, plaintiff filed its fifth and final request for a writ of execution against defendant's goods and chattels. On January 9, 2023, the trial court entered an order granting plaintiff's fifth request for a writ of execution. However, the judgment remained unsatisfied.

Ultimately, on March 2, 2023, defendant's condominium unit was listed for a sheriff's sale. Under N.J.S.A. 2A:17-36, defendant exercised one of his two statutory adjournments to adjourn the sheriff's sale from March 2 to March 28, 2023. Defendant did not exercise his second statutory adjournment. On March 30, 2023, plaintiff sold defendant's condominium unit to an unidentified third-party bidder.[2] On April 4, 2023, defendant requested the redemption figures from the Burlington County sheriff's office. On April 6 or 7, 2023, the sheriff's office provided the redemption figures to defendant. However, defendant did not take any steps to redeem the unit.

Instead, on April 10, 2023, defendant filed an OTSC seeking to delay "the deed transfer of ownership" or "order back the transfer of the deed until his appeal could be decided." On April 12, 2023, the first trial court conducted a

---

[2] In their merits briefs, both parties mention that TD Bank was involved in the sheriff's sale. However, there is nothing contained in the record to support this representation.

A-2590-22

hearing on defendant's OTSC. The first trial court considered defendant's certification in support of his OTSC application, which addressed his "serious health issues over the past several years." Defendant also certified that he planned to undergo "open-heart surgery" on May 1, 2023, and needed to "rest" for a period of time thereafter.

Defendant claimed he would suffer irreparable harm if the OTSC and stay were denied as the redemption period "recently ended," and the sheriff "will or has transferred the deed of ownership" to a third-party bidder. The first trial court applied the Crowe v. De Gioia[3] factors and considered defendant's request to stay in the unit for another four weeks. The first trial court was sympathetic to defendant's health problems but noted defendant has "been battling, unfortunately, those health conditions for quite some time."

The first trial court highlighted there was the "potential for harm to the purchaser" of the unit, who was not a party, and did not have "a voice" in the OTSC proceeding. In addition, the first trial court emphasized defendant "had ample opportunity to pay this judgment or to otherwise make arrangements to pay this judgment," or "to seek an adjournment of the sheriff's sale" a second

---

[3] 90 N.J. 126, 132-34 (1982).

time, or "had the option of making a payment during the redemption period," but failed to do so.

The first trial court also determined that defendant had not established "a reasonable probability of success on the merits," and in weighing the hardships to the parties, the balance weighed in favor of plaintiff. The OTSC was denied. A memorializing order was entered.

On April 14, 2023, defendant filed a motion to stay transfer of ownership of the condominium unit. On April 26, 2023, the second trial court denied defendant's motion for the reasons expressed by the first trial court, noting defendant offered no new or additional information to warrant a stay. A memorializing order was entered. On or after May 10, 2023, the sheriff's office tendered the deed to the third-party bidder. This appeal followed.

On appeal, defendant raises the following sole argument for our consideration:

> THE TRIAL COURT ERRED IN DENYING [THE] [OTSC] TO STAY . . . EXECUTION OF THE JUDGMENT AND STOP THE FORECLOSURE AND VACATE THE DEFAULT JUDGMENT BECAUSE DEFENDANT[] FAILED TO RECEIVE PROPER NOTICE, FAILED TO RECEIVE THE PAYOFF IN TIME TO MAKE THE PAYOFF DURING THE REDEMPTION PERIOD AND FURTHER SUFFERED HEALTH ISSUES, ALL THIS DURING

COVID[-19] PERIOD, THAT PREJUDICED DEFENDANT IN HIS POSITION[.]

These assertions are not supported by the record.

## II.

We first address the standard of review with respect to the two orders before us. [A] trial court's determination "will be left undisturbed unless it represents a clear abuse of discretion." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); see Horizon Health Ctr. v. Felicissimo, 135 N.J. 126, 137 (1994) ("The authority to issue injunctive relief falls well within the discretion of a court . . .") An abuse of discretion arises when a "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). We next apply these foundational principles to the matter before us.

Defendant contends that the trial court abused its discretion and erred in denying his OTSC to stay eviction and motion to stay transfer of ownership. In support of his argument, defendant argues: (1) he did not receive proper notice of the sheriff's sale of the unit as he was dealing with major health issues; (2) he was unable to invoke the second statutory adjournment due to his major health issues; (3) he did not receive the payoff figures upon request, and thus, was

unable to exercise his right to redeem timely; and (4) the amount to redeem, compared to the actual value of the property, is prejudicial.[4]

Similarly, "a trial court's decision pertaining to injunctive relief is reviewed for an abuse of discretion." N. Bergen Mun. Utils. Auth. v. I.B.T.C.W.H.A. Loc. 125, 474 N.J. Super. 583, 590 (App. Div. 2023). "However, appellate review is de novo where the disputed issue relating to the injunctive relief is a question of law." Ibid.

A.

We first turn to defendant's argument that plaintiff sold the condominium unit with unclean hands and without proper notice. Defendant alleges he did not receive any correspondence by mail or was not personally served with the notice of sale. Defendant's contentions are belied by the record. Pursuant to Rule 4:65-2,

> If real or personal property is authorized by . . . writ of execution to be sold at public sale, notice of the sale shall be posted in the office of the sheriff of the county or counties where the property is located, and also, in

---

[4] Defendant also seeks to vacate the default judgment for the first time on appeal. Because a motion to vacate default judgment was not raised in the trial court prior to defendant's filing the notice of appeal, our review is limited to the orders denying defendant's motions to stay eviction and transfer of ownership. Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on Rule 2:6-2 (2025); see Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

the case of real property, on the premises to be sold, . . . . The party who obtained the order or writ shall, at least [ten] days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon (1) every party who has appeared in the action giving rise to the order or writ . . .

[Rule 4:65-2]

In addition, Rule 1:5-4(b) states,

. . . service by mail of any paper referred to in R[ule] 1:5-1, when authorized by rule or court order, shall be complete upon mailing of the ordinary mail. . . . [S]ervice shall be deemed complete upon the date of acceptance of the certified or registered mail.  If service is simultaneously made by ordinary mail and certified or registered mail, service shall be deemed complete on mailing of the ordinary mail.

[Rule 1:5-4(b)]

Prior to notice of the sheriff's sale, plaintiff sent court documents to defendant in April 2020, April 2021, September 2021, and November 2021 at his condominium unit address.  Moreover, plaintiff sent the notice of the sheriff sale to defendant via regular mail and certified mail, return receipt requested, on or around February 7, 2023, to his condominium unit address.  On February 11, 2023, defendant signed the green card, acknowledging receipt of the notice.

In his April 4, 2023 letter to the Burlington County sheriff's department to request the redemption figures, defendant included a copy of his driver's

9

license, which states the condominium unit as his residence. And, plaintiff produced return receipt green cards from letters that it sent out to defendant's condominium unit.

After defendant exercised his first statutory adjournment of the sheriff's sale, plaintiff sent notice of the adjourned sale date to defendant via regular and certified mail to his condominium unit address. The certified mail was unclaimed, but the regular mail notice was never returned. Thus, service was achieved in accordance with Rules 4:4-3 and 4:4-4. Consequently, the notice of the sale was duly mailed more than ten days before the March 30, 2023 sale date as required by Rule 4:65-2.

In addition, the undisputed record shows defendant had been receiving notices pertaining to the within proceedings prior to his health issues. Thus, contrary to defendant's assertions, the record shows he was properly noticed and served throughout every stage of these proceedings. Therefore, nothing in the record before us suggests either the first or second trial court abused their discretion.

## B.

Next, defendant contends that both trial courts abused their discretion in denying his OTSC and motion to stay as he was unable to use his second

statutory adjournment due to his health conditions. Under N.J.S.A. 2A:17-36, a sheriff or other officer selling real estate by virtue of an execution may make five adjournments of the sale, . . . two at the request of the debtor and . . . , and no more, to any time, not exceeding [thirty] calendar days for each adjournment. . . . Defendant was able to exercise his first statutory adjournment but did not use his second adjournment.

At the OTSC hearing, the first trial court found defendant's health and treatment procedures were not enough to grant a stay under Crowe. The first trial court aptly observed that defendant had the opportunity to exercise his statutory second adjournment of the sheriff's sale but chose not to and filed an OTSC instead. We find no abuse of discretion in the denial of defendant's OTSC and motion seeking to stay transfer of ownership of his condominium unit.

C.

Defendant next contends the first and second trial courts abused their discretion because he did not receive the redemption payoff figures on time and was unable to redeem the owed amount within the minimum period, warranting his requested relief. Defendant cites to Hardyston, where our Supreme Court affirmed the trial court's decision holding a mortgagor is entitled to redeem within the ten-day statutory period allowing for objections to a foreclosure sale

11

and until an order confirming sale if no objection is filed.  <u>Hardyston National Bank v. Tartamella</u>, 56 N.J. 507, 513 (1970).  We have held that a sheriff's sale is automatically confirmed after ten days absent an objection being filed.  <u>Brookshire Equities, LLC v. Montaquiza</u>, 346 N.J. Super. 310, 316 (App. Div. 2002).  However, if a timely objection is filed within the ten-day period, the mortgagor's right to redeem is extended through the period of court confirmation and a court order confirming the sale.  <u>Ibid</u>.

Here, on March 30, 2023, plaintiff sold defendant's condominium unit to a third-party bidder.  Five days later, on April 4, 2023, defendant sent a request for a redemption payoff figure to the Burlington County sheriff's office.  On April 6 or 7, 2023, the sheriff's office provided defendant with the requested figures.  Pursuant to the controlling case law, the adjourned sheriff sale was therefore automatically confirmed on April 10, 2023, because there was no objection raised as to the sheriff's sale.  <u>Id.</u>  Defendant had the responsibility to exercise his second statutory adjournment of the sheriff's sale.  As stated, he did not do so.  The filing of the OTSC and motion to stay extended defendant's right to redeem, but he failed to seek a second adjournment of the sheriff's sale.

We discern no "fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or . . . other equitable considerations" to conclude there was

12

an abuse of discretion by either trial court.  See Karel v. Davis, 122 N.J. Eq. 526, 529 (E. & A. 1937).  Therefore, we reject defendant's argument.

D.

Finally, defendant avers the redemption amount, compared to the actual value of the condominium unit, resulted in prejudice to him because he paid $165,000.00 to purchase the unit, and the redemption amount was $23,796.86.[5]

Our Supreme Court has noted that [foreclosure sales rarely], if ever, bring the fair market value of the foreclosed property.[6]  Carteret Sav. & Loan Ass'n, F.A. v. Davis, 105 N.J. 344, 351 (1987).  Although our courts will set aside a sheriff's sale for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations, inadequacy of price is not sufficient alone to justify equitable relief.  First Tr. Nat. Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999).  Defendant's argument on this issue lacks merit.

---

[5]  Defendant represents that the unit was sold for $11,000.00.  Plaintiff represents that the unit was sold for $13,000.00.  Nothing contained in the record indicates the exact price.

[6]  We note the unit was encumbered by two mortgages totaling $184,088.00 at the time of the sheriff's sale.  One of the mortgages was in default.

We conclude that the remaining arguments—to the extent we have not addressed them—lack sufficient merit to warrant any further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2590-22