**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3857-22

TALI MARGALIT,

    Plaintiff-Appellant,

v.

DENISE J. SCHAUBLE,

    Defendant-Respondent.

_____

Submitted October 30, 2024 – Decided November 26, 2024

Before Judges Marczyk and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1190-23.

Tali Margalit, appellant pro se.

Schenck, Price, Smith & King, LLP, attorneys for respondent (William J. Buckley, of counsel; Catherine Popso O'Hern, on the brief).

PER CURIAM

    Plaintiff, Tali Margalit, appeals from the June 23, 2023 order dismissing her February 2023 complaint with prejudice. We affirm.

In October 2022, Margalit filed a complaint (October Complaint) against defendants, Schauble and Bergen New Bridge Medical Center. Margalit contended a bill from defendants stated an "admit date and discharge date" of May 24, 2022, but on that date she "was in Orlando, Florida." She complained that defendants "refuse[d] to remove a hospital bill that [wa]s not mine." Margalit alleged: (1) she was "embarrass[ed]"; (2) she suffered "defamation of [her] health and well[-]being"; and (3) she lost "confidence in the hospital."

In January 2023, defendants' motion to dismiss Margalit's October Complaint was granted. The October Complaint was dismissed without prejudice pursuant to Rule 4:6-2(e).[1] The order provided Margalit could "file an amended complaint if there [wa]s a good faith basis for doing so within [forty-five] days."

Thereafter, Margalit filed a motion "to remove from the case jacket all submitted responses and documents by the defendant[s]." In response,

---

[1] Rule 4:6-2(e) provides:

> Every defense, legal or equitable, in law or fact, to a claim for relief in any complaint . . . shall be asserted in the answer thereto, except that the following defenses . . . may at the option of the pleader be made by motion, with briefs: . . . (e) failure to state a claim upon which relief can be granted.

defendants filed a cross-motion to "convert" the January order into an order dismissing Margalit's October Complaint with prejudice. Defendants contended the forty-five-day limit imposed in the January order had expired.

In February 2023, Margalit filed a new complaint (February Complaint) against Schauble. She repeated the allegations from the October Complaint, stating Schauble:

> refuse[d] to remove a hospital bill that [wa]s not mine. The bill has [an] admit date and discharge date of [May 24, 2022]. On [May 24, 2022], I was in Orlando, Florida. Attached are "exhibits" proving that I was in Orlando, Florida. Included in the "exhibits" is a cellular phone bill proving . . . no cellular . . . calls [were made] on [May 24, 2022].

Margalit contended that: (1) she was "embarrass[ed]"; (2) she suffered "defamation of [her] health and well[-] being"; and (3) she lost "confidence in the hospital."

Further, Margalit sought "to delete the medical bill and any diagnosis report pertaining to [May 24, 2022], from the hospital billing department and the hospital patient medical records."

In March 2023, defendants' motion—to convert the dismissal of the October Complaint from without prejudice to with prejudice—was granted.

A-3857-22

In April 2023, Schauble filed an Answer to the February Complaint. In June, Schauble filed a motion to dismiss the February Complaint with prejudice under Rule 4:6-2(e). In support of the motion, Schauble provided a copy of the order dismissing Margalit's October Complaint. Margalit did not oppose the motion.

On June 23, 2023, the motion judge dismissed the February Complaint, based "upon the uncontested facts/exhibits/certification(s) provided with [Schauble]'s papers."

On appeal, Margalit reiterates her factual arguments. She contends she did not receive the services; should not have been billed; and was damaged—embarrassment, defamation, and loss of confidence in the hospital—as a result of Schauble's failure to remove the incorrect records from the medical records system. However, Margalit fails to address the trial court's reliance on the dismissal with prejudice of her October Complaint, for support to dismiss her February Complaint.

"The application of res judicata is a question of law. . . ." Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000). "To the extent that the trial court's decision constitutes a legal determination, we review it de novo." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). Further, "[a]n

appellate court reviews de novo the trial court's determination of the motion to dismiss under Rule 4:6-2(e)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019).

Under principles of res judicata, a "cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991).

The doctrine of res judicata serves the purpose of providing "finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness." First Union Nat'l Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007) (quoting Hackensack v. Winner, 82 N.J. 1, 32-33 (1980)). The doctrine "contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to re[-]litigation." Lubliner v. Bd. of Alcoholic Beverage Control of Paterson, 33 N.J. 428, 435 (1960). "Where the second action is no more than a repetition of the first, the first lawsuit stands as a barrier to the second." Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989).

A-3857-22

For res judicata to apply, there must be: "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002). "A dismissal specifying that it is 'with prejudice constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial.'" A.T. v. Cohen, 231 N.J. 337, 351 (2017) (quoting Velasquez, 123 N.J. at 507).

Applying these well-established principles, we conclude there was no error in the trial court's dismissal, with prejudice, of the February Complaint relying on the dismissal with prejudice of the October Complaint. The dismissal of the October Complaint with prejudice was a final judgment. See Cohen, 231 N.J. at 351.

Moreover, in every respect, the February and October Complaints were mirrors of one another. Both complaints pertained to the same: (1) parties; (2) medical bill/service from May 24, 2022; (3) reasons as to why the bill was not incurred by Margalit; (4) damages—embarrassment, defamation, and loss of confidence in the hospital; and (5) relief sought—removal of the record of service from the medical record's system. Therefore, the trial court correctly

applied the doctrine of res judicata in dismissing Margalit's February Complaint with prejudice relying on the final judgment in the October matter.

To the extent we have not addressed other arguments raised by Margalit, we find they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3857-22