BLD-060                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1236 & 24-1237
_____

IN RE: REZA FARZAN,
Appellant 24-1236

REZA FARZAN,
                              Appellant 24-1237
v.

BAYVIEW LOAN SERVICING LLC; NATIONSTAR MORTGAGE LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action Nos. 3:23-cv-01234, 3:23-cv-02424)
District Judge:  Honorable Michael A. Shipp
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 8, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed January 15, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Reza Farzan appeals from the District Court's affirmance of the

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bankruptcy Court's orders in two related cases. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2005, Farzan obtained a mortgage for a home in New Jersey. The originator of the loan transferred the mortgage and note to JP Morgan Chase Bank. Chase later prepared an affidavit of lost note and transferred its interest to Bayview Loan Servicing LLC. Farzan claims that these were fraudulent transactions, and that Bayview fabricated a mortgage modification document. After Farzan defaulted on his mortgage, Bayview began foreclosure proceedings against him in New Jersey state court. Farzan argued that Bayview lacked the right to foreclose because the transfers and affidavit were fraudulent. In 2019, the state court granted summary judgment for Bayview. Farzan did not appeal.

Farzan then filed a Chapter 13 bankruptcy petition. In connection with his petition, Farzan initiated an adversary proceeding against Bayview. Farzan claimed that Bayview committed fraud, as he had argued in prior proceedings. The Bankruptcy Court dismissed his complaint, and on appeal, we affirmed. See In re Farzan, No. 21-1334, 2021 WL 4075750, at *2 (3d Cir. Sept. 8, 2021) (per curiam).

Farzan responded by filing a motion in Bankruptcy Court in which he sought: (1) to vacate Bayview's proof of claim and stop the subsequent transfer of Bayview's claim to Nationstar; (2) production of evidence and introduction of testimony regarding that issue; and (3) recusal of the Bankruptcy Judge. After a hearing, the Bankruptcy Court denied Farzan's motion, concluding that he was seeking to relitigate issues that had already been decided. Farzan appealed to the District Court.

Farzan also initiated a second adversary proceeding in Bankruptcy Court, again

2

claiming fraud regarding his mortgage transfer. He argued that he had recently uncovered the following evidence: (1) administrative court orders from 2010 and a special master report from 2011 regarding mortgage foreclosure proceedings; and (2) a consent judgment from 2012. On defendants' motion, the Bankruptcy Court dismissed Farzan's complaint, and Farzan appealed to the District Court.

On appeal, Farzan moved to recuse the District Judge; his motion was denied. The District Court affirmed the Bankruptcy Court's orders. Farzan's appeals to this Court have been consolidated for review.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and we have jurisdiction pursuant to 28 U.S.C. § 158(d)(1). "We exercise plenary review of an order from a district court sitting as an appellate court in review of a bankruptcy court," reviewing its "conclusions of law de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof." In re W.R. Grace & Co., 729 F.3d 311, 319 n.14 (3d Cir. 2013) (quotation marks and citations omitted). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court appropriately affirmed the Bankruptcy Court's orders here. Fundamentally, Farzan's arguments regarding Bayview's proof of claim seek to relitigate the same issue he has brought in several different iterations, which the state court already heard and decided when it granted summary judgment to Bayview in its foreclosure action. To the extent that he sought to bring versions of the same claims he already brought in those foreclosure proceedings, res judicata bars him from relitigating those

3

claims.  See Brookshire Equities, LLC v. Montaquiza, 787 A.2d 942, 947 (N.J. Super. Ct. App. Div. 2002) (Under New Jersey law, "for res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action.").

To the extent that there is any difference between the claims or parties between the two actions regarding Farzan's claims of fraud, these claims are barred by New Jersey's Entire Controversy Doctrine.  Farzan could have made arguments based on the alleged "new evidence" from 2010 through 2012 prior to the entry of the 2019 foreclosure judgment against him.  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (explaining that the Entire Controversy Doctrine "requires a party to bring in one action all affirmative claims that [it] might have against another party, including counterclaims and cross-claims . . . or be forever barred from bringing a subsequent action involving the same underlying facts") (internal quotation marks and citation omitted).

Further, we agree that recusal of the Bankruptcy Judge and District Judge was not warranted.[1]  Recusal is required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  We review the denial of a recusal motion for abuse of discretion.  Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d

---

[1]  Farzan also requested that the District Court stay his proceedings pending the outcome of his appeal to this Court in a civil rights action; the District Court denied his motion. Any request to review that decision would be moot, as his appeal has since concluded. See Farzan v. Cleary, No. 23-1740, 2024 WL 3983333, at *2 (3d Cir. Aug. 29, 2024).

Cir. 2000). Farzan's request for recusal of the Bankruptcy Judge were based on his disagreement with her decisions in his case and speculation about her motives, which are not a basis for recusal. See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) ("[A]dverse rulings . . . are not in themselves proof of prejudice or bias").

Farzan's request for recusal of the District Judge was also properly denied. He argued that recusal was necessary because: (1) the District Judge formerly worked for the New Jersey Attorney General's Office, which Farzan had named as a defendant in a different case; (2) the District Judge's spouse formerly worked for an accounting firm that Farzan claimed was affiliated with Bank of America, an entity he alleged was connected to this case because it was a mortgage servicer; and (3) Farzan believed that the District Judge held investments with Chase. Upon review of the documentation Farzan provided with his motion, none of these allegations regarding connections to non-parties support a finding of bias that would have necessitated recusal here.[2] See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for a judge's recusal).

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] Farzan's motions for reconsideration on the recusal issue were also properly denied, as he did not show an intervening change in the law, new evidence, or the need to correct a clear error of law or prevent manifest injustice. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).