**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2113-23

WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE
FOR VERSUS SECURITIZATION
TRUST 2020-NPL1,

     Plaintiff-Respondent,

v.

MENURA, LLC, SPIRO SIAVELIS
and STATE OF NEW JERSEY,

     Defendants.

_____

SILVERBACK ASSOCIATES TRUST
ESTATE and NAKYUNG PARK,

     Appellants.

_____

Submitted May 29, 2025 – Decided August 4, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-000583-22.

Silverback Associates Trust Estate and Nakyung Park, appellants pro se (Joshua W. Denbeaux and Michael Goryelov, on the brief).

Riker Danzig, LLP, attorneys for respondent (Michael R. O'Donnell and Jorge A. Sanchez, of counsel and on the brief; Kori L. Pruett, on the brief).

PER CURIAM

Silverback Associates Trust Estate (Silverback Trust or Trust) and Nakyung Park (Park) (collectively Intervenors) appeal from the Chancery Division's February 2, 2024 order denying their motion to intervene in this foreclosure action. Intervenors also initiated a separate quiet title action (Second Action), which was recently dismissed after the court determined Intervenors had no legal or equitable interest in the subject property. Following our review of the record and the applicable legal principles, we affirm the Chancery Division's order denying Intervenors' motion to intervene because their application was rendered moot by the dismissal of their Second Action.

I.

This foreclosure action was initiated by plaintiff Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for

A-2113-23

Versus Securitization Trust 2020-NPL1 (Wilmington) against Menura, LLC (Menura) to secure a loan of $2.9 million. By way of background, Silverback Trust was created in 2000 "for the benefit of . . . Park and her issue. The purpose of the Trust was to establish a legally secure and protected home for . . . Park [(the wife of Wesley Snipes)] and her issue." Park and her issue are the only beneficiaries of the Trust. In 2004, Silverback Trust purchased a property in Cresskill (the Property), and deeded the Property directly into the Trust. The Property is the only asset of the Trust. Intervenors' proposed complaint maintained that Silverback Trust was the actual owner of the Property, not Menura.

Intervenors assert Winston D. Johnson, Snipes's financial advisor, participated in a fraudulent scheme whereby he induced Park to accept him as a trustee of Silverback Trust. Thereafter, Johnson formed Menura. In May 2014, Silverback Trust deeded the Property to Menura for $3.6 million. Intervenors claim this transfer was done without the knowledge of Silverback Trust, and Menura subsequently took significant loans out against the Property.

In June 2014, Menura as "[o]wner" and Park as "[o]ccupant" entered into a "Use and Occupancy Agreement," allowing Park to stay in the Property through June 2044. Intervenors rely on this agreement to assert an interest in

3

the Property. Conversely, Wilmington asserts this only corroborates—not rebuts—Snipes's statements made to the IRS in subsequent litigation, where he asserted Silverback Trust sold the Property to Menura to satisfy an existing mortgage lien on the Property, which also allowed Snipes, Park, and their family to continue to live in the Property.

In January 2022, Wilmington filed a foreclosure complaint. Menura failed to answer, and default was subsequently entered. In January 2023, Menura moved to vacate the default, asserting it was defrauded. In February 2023, the trial court denied Menura's motion. The matter proceeded uncontested, and the Office of Foreclosure subsequently entered a default judgment. In April 2023, the court entered a final judgment of foreclosure in favor of Wilmington.

In May 2023, Intervenors moved to intervene and challenge Wilmington's final judgment of foreclosure. Intervenors submitted an accompanying complaint and asserted various tort claims against several third parties. Wilmington notes none of the claims set forth in the complaint are against Wilmington or seek relief with respect to Wilmington's mortgage. Wilmington also states it was never aware of the 2014 Use and Occupancy Agreement between Park and Menura, and that Menura represented to Wilmington that the Property was leased to another individual.

A-2113-23

On February 2, 2024, the trial court denied Intervenors' motion to intervene and to vacate the foreclosure judgment. Meanwhile, Intervenors also filed their Second Action to quiet title in the Law Division. Wilmington maintains Intervenors' claims regarding ownership of the Property were the subject of the Second Action and that the Chancery Division in the foreclosure action appropriately denied the motion to intervene. The Second Action was subsequently transferred from the Law Division to the Chancery Division.

During the pendency of the appeal in the foreclosure action, Wilmington moved for summary judgment in the Second Action with respect to Intervenors' quiet title claim and Wilmington's counterclaim. Notably, the Chancery Division granted Wilmington's application and entered summary judgment on June 17, 2025. Wilmington then moved to supplement the record with the June 17 order and dismiss the pending appeal as moot.

Under Rule 2:5-5, this court has the inherent authority to supplement a trial court record. Liberty Surplus Ins. Co. v. Nowell Amoroso, P.A., 189 N.J. 436, 452 (2007). In deciding a motion to supplement the record, a court must consider two factors: "(1) whether at the time of the hearing or trial, the applicant knew of the information he or she now seeks to include in the record,

5

and (2) if the evidence were included, whether it is likely to affect the outcome." Id. at 452-53 (citing In re Gastman, 147 N.J. Super. 101, 114 (App. Div. 1977)).

Wilmington promptly filed its motion to supplement the record upon learning of the court's summary judgment ruling, and this information was not available when it filed its appellate brief. Moreover, the court's ruling in the Second Action, as discussed below, does impact the outcome of the pending appeal. Therefore, we granted Wilmington's unopposed motion to supplement the record.

Turning to Wilmington's substantive argument, it contends the court's ruling in the Second Action bars Intervenors from challenging Wilmington's mortgage in the foreclosure action pursuant to the doctrine of res judicata.

The court—in the Second Action—addressed the quiet title claim and determined, on the merits, that Wilmington's mortgage was valid and encumbered the Property as a first priority lien. It further held Intervenors had no "legal, equitable, and/or possessory claim to, estate in, right to, title in, interest in and/or lien and/or encumbrance upon the Property." It further held the June 2014 occupancy agreement was "null and void."

"The doctrine of res judicata 'contemplates that when a controversy between parties is once fairly litigated and determined[,] it is no longer open to

relitigation.'" Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 172 (App. Div. 2000) (italicization omitted) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). "[F]or res judicata to apply, there must be (1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties, and (4) identity of the cause of action." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 318 (App. Div. 2002). Pursuant to res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Villanueva v. Zimmer, 431 N.J. Super. 301, 311 (App. Div. 2013) (quoting Velasquez v. Franz, 123 N.J. 498, 505 (1991)).

We conclude the facts and procedural history presented here preclude Intervenors from contesting the validity of Wilmington's mortgage in the foreclosure case based on the doctrine of res judicata. The court's findings in the Second Action are dispositive regarding the Chancery Court's decision in the foreclosure action concerning whether Intervenors should have been permitted to intervene and whether Intervenors could challenge the validity of Wilmington's mortgage and the final judgment of foreclosure.

Intervenors were parties in both actions and had the opportunity, in the context of the Second Action, to challenge the validity of Wilmington's mortgage. Moreover, the summary judgment order in the Second Action prohibits Intervenors from relitigating the validity of the mortgage in the foreclosure action. Accordingly, because the court in the Second Action squarely addressed Intervenors' arguments and entered a final judgment on the merits declaring Wilmington's mortgage valid, and that Intervenors had no equitable or legal interest in the Property—substantially the same issue Intervenors were challenging in the foreclosure action—Intervenors' appeal is rendered moot under the res judicata doctrine.

Affirmed.[1]

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

---

[1] We observe the Chancery Division in the foreclosure action denied Intervenors' motion to intervene based on its analysis of Rule 4:33-1 and 4:64-5 and the attending case law. We affirm, albeit for a different reason—mootness—than that stated by the court in its decision. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (applying the well-settled principle "that appeals are taken from orders . . . and not from opinions," and that orders may be affirmed for reasons different from those set forth by the trial court (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))).

A-2113-23