**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3866-24

NEWREZ LLC d/b/a
SHELLPOINT MORTGAGE
SERVICING,

     Plaintiff-Respondent,

v.

CHRISTINE INZANA,

     Defendant-Appellant,

and

RICHARD INZANA,

     Defendant,

and

213 LAWNSIDE AJR LLC,

     Respondent.

_____

Submitted February 3, 2026 – Decided February 19, 2026

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. F-002600-24.

Christine Inzana, self-represented appellant.

Stern & Eisenberg, PC, attorneys for respondent NewRez LLC (Christian Miller, on the brief).

Kessler Law, LLC, attorneys for respondent 213 Lawnside AJR LLC (Michelle Conroy, on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Christine Inzana, self-represented, appeals from the July 18, 2025 trial court order denying her motion to set aside the sheriff's sale of a Haddon Township property after final judgment was entered in favor of plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing (NewRez). Having reviewed the record, parties' arguments, and applicable law, we affirm.

I.

On July 14, 2005, defendant and Richard Inzana[1] (the borrowers) received a loan from Weichert Financial Services (Weichert) for $234,000, which was memorialized in a promissory note. To secure the note, the borrowers executed a mortgage on their property in Haddon Township to Mortgage Electronic

---

[1] Richard Inzana does not join in the appeal.

A-3866-24

Registration Systems, Inc. (MERS). The note and mortgage were recorded with the Camden County Clerk's Office. MERS acted as the sole nominee for Weichert, its successors and assignees.

On June 24, 2010, the borrowers executed a loan modification agreement, which memorialized they owed $223,202.52. Thereafter, in June 2017, the borrowers executed a second loan modification agreement, which memorialized they owed $267,277.85. In February 2020, the borrowers entered a third loan modification agreement, which memorialized they owed $293,104.27. On November 1, 2022, the borrowers defaulted on the loan. After multiple assignments, NewRez obtained the loan and mortgage on January 31, 2023.

On March 12, 2024, NewRez filed a foreclosure complaint against the borrowers. On January 14, 2025, NewRez obtained a final judgment for $334,422.99 and a writ of execution.

On May 21, 2025, the Camden County Sheriff's Office (CCSO) held a property sale and 213 Lawnside AJR, LLC (Lawnside) purchased the property for $350,000. At the time of the sale, Lawnside paid the CCSO $70,000.

On June 3, 2025, defendant moved to set aside the sheriff's sale because she believed the "property was not sold" to Lawnside. Defendant alleged there was "no proof of payment" and, therefore, no "valid sale." She argued Lawnside

3

did not purchase the property because there was not a "deposit in the amount of $70,000[] . . . paid on May 21, 2025." In opposition, Lawnside provided a certification from its representative, Alexander Rosenberg, who attested that he successfully bid on the property at the sheriff's sale and paid the $70,000 deposit. He submitted a deposit receipt, which he certified was evidence of his payment. The handwritten receipt was signed, included the case name, and provided a sale docket number.

On July 18, 2025, the court issued an order accompanied by an oral decision denying defendant's motion. In its oral decision, the court noted it had scheduled the matter for oral argument and sent defendant "email notice of [the] hearing." The court noted staff had tried to "contact" defendant, but she did not appear. The court denied defendant's motion to set aside the sale, finding her arguments were "without merit" as it was clear the twenty "percent deposit was . . . paid." The court also noted the "full purchase price" had also been paid. Regarding the timeliness of defendant's motion, the court determined she was required to file the motion "within ten days" of the sale but the "application was filed after the ten-day period." The sheriff's sale occurred on May 21, 2025, and defendant filed her motion on June 3, 2025. The court explained the ten-day

A-3866-24

filing period "[wa]s not movable or relaxable" and denied defendant's motion in its entirety.

On appeal, defendant argues reversal is warranted because the trial court "failed to provide findings of fact and conclusions of law supporting its decision required by Rule 1:7-4" and Rule 4:65-5, and that the court erred in finding Lawnside established the CCSO was paid the deposit.

II.

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Rule 4:65-5, governing sheriffs' sales and objections, provides:

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance . . . .

Absent an objection, a sheriff's sale is automatically confirmed after ten days. Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316

5

(App. Div. 2002). Even when a timely motion is filed, a litigant's burden to set aside a sheriff's sale is substantial because "[a] court may not interfere with the [s]heriff's exercise of discretion with respect to those conditions unless there is proof that the [s]heriff's conduct of the sale was so 'palpably injudicious' as to amount to 'a fraud upon the rights of the parties interested[.]'" Mortg. Access Corp. v. Leek, 271 N.J. Super. 352, 356 (App. Div. 1994) (quoting Invs. & Lenders, Ltd. v. Finnegan, 249 N.J. Super. 586, 596 (Ch. Div. 1991)). Although a mortgagor may file an objection pursuant to Rule 4:65-5 after the ten-day period and before the deed is delivered, there must be "some valid ground for objection." Brookshire Equities, 346 N.J. Super. at 317. Valid grounds include "fraud, accident, surprise, irregularity, . . . impropriety in the sheriff's sale," or instances where "the price paid by the buyer . . . is below fair market value." Ibid.

N.J.S.A. 2A:50-64(7)(a) provides that "the successful bidder at the sheriff's sale shall pay a [twenty] percent deposit[,] . . . made payable to the sheriff of the county in which the sale is conducted, immediately upon the conclusion of the foreclosure sale."

A-3866-24

III.

Defendant first contends the court's order denying her motion to set aside the sheriff's sale warrants reversal because it provided an insufficient "explanation" and "written statement of reasons."  Relevantly, Rule 1:7-4(a) requires that the "court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right."  (emphasis added).  A review of the court's order and oral decision demonstrates the court substantively addressed defendant's argument and explained that, "pursuant to Rule 4:65-5," it was denying her motion because Lawnside established the "[twenty] percent deposit was . . . paid."  We discern no error in the court's focused findings of fact and legal conclusions.

Further, contrary to defendant's contention, the court was permitted to issue an oral decision.  The court's oral decision provided "findings and correlate[d] them with relevant legal conclusions, so that [the] parties . . . [were] informed of the rationale underlying th[ose] conclusion[s]."  Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 594-95 (App. Div. 2016) (third

7

and fourth alterations in original) (quoting <u>Monte v. Monte</u>, 212 N.J. Super. 557, 565 (App. Div. 1986)).

Defendant next contends the court erred because she established there was insufficient proof showing Lawnside paid the twenty percent deposit, which she purports demonstrates the "irregularity in . . . the sale" and that the "sale . . . was improper." After a review of the record, we disagree. Defendant's bare assertions are insufficient to set aside the sheriff's sale. She offers no material evidence disputing Lawnside paid the deposit and that the CCSO's receipt established the deposit payment. As the court noted, the CCSO failed to submit a "Report and Confirmation of Sale" under <u>Rule</u> 4:65-6. However, the court was permitted to "summarily dispose of the objection" as it was satisfied that the sale was valid. <u>R.</u> 4:65-5. The CCSO's failure to provide a sale confirmation did not preclude the court from accepting Rosenberg's certification and the receipt of the deposit payment submitted. <u>See</u> <u>ibid.</u>

Finally, we note defendant argues for the first time on appeal the court failed to verify "that the highest and best price was obtained [for the property] at sale." "[I]t is a well-settled principle that . . . appellate courts will decline to consider questions or issues not properly presented to the trial court …

unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Because defendant failed to raise the issue below, and no record was created regarding the property's value and the total judgment lien, we decline to address her newly raised issue.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hartley*

Clerk of the Appellate Division